# In the United States Court of Federal Claims

| | | |
|---|---|---|
| FIRE-TROL HOLDINGS LLC, Plaintiff, | ) | No. 04-1389 C |
| v. | ) | Filed September 22, 2004 |
| THE UNITED STATES, Defendant. | ) | |

ORDER

The plaintiff filed its complaint in this action on August 27, 2004, and on September 13, 2004, filed a motion for preliminary injunction. The action challenges what plaintiff characterizes as a final rule announced by the United States Forest Service (USFS) 1) banning sodium ferrocyanide (YP Soda) in wildland fire retardants purchased by the USFS and 2) requiring gum thickener in all wildland fire retardants purchased by the agency. Plaintiff argues that both rules are contrary to the federal Competition in Contracting Act (CICA) and will establish a monopoly manufacturer of qualified wildland fire retardants, and that both rules were adopted contrary to the Administrative Procedure Act (APA) and the Federal Acquisition Regulation (FAR) and demonstrate an abuse of the USFS's discretion. Pl. Mot. For Prelim. Inj. at 1.

Plaintiff had earlier commenced a similar action against the USFS in the United States District Court for the District of Arizona. The USFS moved to dismiss that action for lack of subject matter jurisdiction on the ground that the United States Court of Federal Claims had exclusive jurisdiction of plaintiff's claim. On August 13, 2004, Judge James A. Teilborg entered an order granting USFS's motion and dismissed plaintiff's complaint for lack of subject matter jurisdiction. Apparently adopting the Government's argument, Judge Teilborg held that plaintiff's claim was a bid or procurement protest alleging a "violation of a statute or regulation in connection with a procurement or a proposed procurement," within the meaning of 28 U.S.C. § 1491(b)(1), and hence was within the exclusive jurisdiction of this Court. See Order Re Motion To Dismiss For Lack Of Subject Matter Jurisdiction, Fire-Trol Holdings, L.L.C. v. U. S. Department of Agriculture Forest Service, No. CV-03-2039-PHX-JAT, (D. Ariz. Aug. 13, 2004).

The parties participated in a telephonic status conference before this Court on September 20, 2004 to discuss a schedule for resolving issues relating to this Court's subject matter jurisdiction, the merits of plaintiff's claim, and issues raised by plaintiff's motion for preliminary injunction. The Government agreed with plaintiff's request that the Court resolve the jurisdictional issue on an expedited basis in view of plaintiff's concerns about the possible impact of 28 U.S.C. §1500 if plaintiff filed a notice of appeal from Judge Teilborg's order while seeking simultaneously to pursue this action in this Court. Plaintiff represented that the deadline for filing such a notice of appeal was October 12, 2004.

Regarding the merits and the issues raised by plaintiff's motion, the parties agreed that it would be reasonable to request, and useful to have, a statement by the USFS setting forth its position as to the procedural steps that USFS believes it is legally required to follow and intends to follow before seeking to modify its qualified products list prior to the 2005 solicitation to effect the changes identified by plaintiff.

Accordingly, and in consideration of the parties' discussion during the status conference, the Court ORDERS that:

1) Assuming, after considering the position taken by the Government in the District Court for Arizona, the defendant nevertheless now intends to argue that this Court lacks subject matter jurisdiction, defendant shall file a motion to dismiss for lack of subject matter jurisdiction by September 24, 2004.

   Defendant shall also file by September 24 a brief setting forth its position as to the procedural steps that USFS believes it is legally required to follow and intends to follow before seeking to modify its qualified products list prior to the 2005 solicitation to effect the changes identified by plaintiff. USFS shall state specifically whether it believes that, in so doing, it is required to comply with the requirements of CICA, FAR, and/or the APA, and, if so, how the steps it intends to follow constitute such compliance. Defendant's statement shall also apprise the Court of the procedural steps the USFS has taken, if any, in the process of seeking to modify its qualified products list and its timetable for completing the same. If defendant cannot file its brief by September 24, it shall file its brief by September 27, 2004.

2) Plaintiff shall file its response to defendant's motion to dismiss by October 1, 2004.

3) Defendant shall file its reply in support of its motion to dismiss by October 4, 2004.

4) The parties shall participate in oral argument on defendant's motion on October 6, 2004 at 4:30 p.m., Eastern Time. The oral argument shall be held telephonically.

The Court will initiate the conference call. At the conclusion of oral argument, the parties shall consider a schedule for further proceedings regarding the merits of plaintiff's claim, including a briefing schedule to deal with plaintiff's motion for preliminary injunction.

5) Each party shall file its papers electronically by 5 p.m. on the dates set forth above, in accordance with the local time of the filing party.

The Court FURTHER ORDERS that the parties shall file with the Court by September 24, 2004 the briefs filed on the government's motion to dismiss plaintiff's complaint in the District Court for the District of Arizona. The parties shall also file a copy of the transcript of the oral argument, if any, held on defendant's motion.

IT IS SO ORDERED.

/s/ George W. Miller
GEORGE W. MILLER
Judge