NO. 04-1389C
(Judge G. Miller)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Fire-Trol Holdings LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

WILLIAM F. RYAN
Assistant Director

PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 616-8253
Fax: (202) 307-0972

Attorneys for Defendant

SEPTEMBER 24, 2004

**TABLE OF CONTENTS**


DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . . . . 1

DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . 1

I. Nature Of The Case . . . . . . . . . . . . . . . . . . 1

II. Issues Presented . . . . . . . . . . . . . . . . . . . 2

III. Statement Of Facts . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. Standard Of Review . . . . . . . . . . . . . . . . . . 6

II. Fire-Trol's Complaint Is Due To Be Dismissed For Lack Of Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . 7

A. This Court's Jurisdiction To Entertain Bid Protests Is Limited . . . . . . . . . . . . . . . . . . . . . 8

B. This Court Lacks Jurisdiction To Entertain Fire-Trol's Complaint Because Fire-Trol's Complaint Challenges The Validity Of Alleged FS Rules . . . . . . . . . . . . . . . . . . . . 11

C. This Court Lacks Jurisdiction To Entertain Fire-Trol's Complaint Because Fire-Trol Is Not An Interested Party That Can Invoke This Court's Jurisdiction . . . . . . . . . . . . 12

D. The Decision Of The Federal District Court For the District Of Arizona Should Not Prevent This Court From Dismissing Fire-Trol's Complaint . . . . . . . . . . . . . . . . . . . . 15

II. Fire-Trol's Complaint Is Due To Be Dismissed Because It Fails To State A Claim Upon Which Relief Can Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . 18

A. The Court Should Dismiss Fire-Trol's Complaint Because Determinations Of Procurement Requirements Are Not Rules . . . . . . . . . . . 18

B. The Court Should Dismiss Fire-Trol's Complaint Because Fire-Trol Cannot Demonstrate That It Has Been Prejudiced By Any Agency Action . . . . . . . . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 22

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

Adams v. United States,
20 Cl. Ct. 132 (1990) . . . . . . . . . . . . . . . . . . . . . . 7

Aetna Cas. & Sur. Co. v. United States,
228 Cl. Ct. 146, 655 F.2d 1047 (1981) . . . . . . . . . . . . 9

Alaska Cen. Express v. United States,
50 Fed. Cl. 510 (2001) . . . . . . . . . . . . . . . 13, 14, 17

Am. Fed'n of Gov't Employees, AFL-CIO v. United States,
258 F.3d 1294 (Fed. Cir. 2001) . . . . . . . . . . . . . . 14

Am. Lifestyle Homes, Inc. v. United States,
17 Cl. Ct. 711 (1989) . . . . . . . . . . . . . . . . . . . . 15

Am. Moving and Storage Assocs., Inc. v. United States Dep't of Def.,
91 F. Supp. 2d 132 (D.D.C. 2000) . . . . . . . . . . . . . 18

Automated Committee System v. United States,
49 Fed. Cl. 570 (2001) . . . . . . . . . . . . . . . . . . . 11

Awad v. United States,
61 Fed. Cl. 281 (2004) . . . . . . . . . . . . . . . . . . 6, 7

Christianson v. Colt Indus. Operating Corp.,
486 U.S. 800 (1988) . . . . . . . . . . . . . . . . . . . . 8, 16

City of Albuquerque v. United States Dep't of the Interior,
217 F. Supp. 2d 1194 (D. N.M. 2002) . . . . . . . . . . . 17

City of Albuquerque v. United States Dep't of the Interior,
379 F.3d 910 (10th Cir. 2004) . . . . . . . . . . . . . . . 17

Cupey Bajo Nursing Home, Inc. v. United States,
23 Cl. Ct. 406 (1991) . . . . . . . . . . . . . . . . . . . . . 6

Dismas Charities, Inc. v. United States,
61 Fed. Cl. 191 (2004) . . . . . . . . . . . . . . . . . 12, 20

Duke City Lumber Co. v. Butz,
382 F. Supp. 362 (D.D.C. 1974) . . . . . . . . . . . . . 20, 21

Dynalectron Corp. v. United States,
4 Cl. Ct. 424 (1984) . . . . . . . . . . . . . . . . . . . 8

Eastport S.S. Corp. v. United States,
178 Ct. Cl. 599, 372 F.2d 1002 (1967) . . . . . . . . . . 9

Essex Electro Eng'g, Inc. v. United States,
960 F.2d 1576 (Fed. Cir. 1992) . . . . . . . . . . . . . 18

Fid. Constr. Co. v. United States,
700 F.2d 1379 (Fed. Cir. 1983) . . . . . . . . . . . . . . 8

Hero, Inc. v. United States,
3 Cl. Ct. 413 (1983) . . . . . . . . . . . . . . . . . . 10

Indium Corp. of America v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985) . . . . . . . . . . . . . . 7

Keene Corp. v. United States,
508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . 8, 16

Omega World Travel, Inc. v. United States,
9 Cl. Ct. 623 (1986) . . . . . . . . . . . . . . . . . . 13

Phaidin v. United States,
28 Fed. Cl. 231 (1993) . . . . . . . . . . . . . . . . . . 8

Rainbow Valley Citrus Corp. v. Fed. Crop Ins. Corp.,
506 F.2d 467 (9th Cir. 1974) . . . . . . . . . . . . . . 19

Ramcor Servs. Group, Inc. v. United States,
185 F.3d 1286 (Fed Cir. 1999) . . . . . . . . . . . . . 16

Rodriguez v. United States,
862 F.2d 1558 (Fed. Cir. 1988) . . . . . . . . . . . . . 16

Scanwell Labs., Inc. v. Shaffer,
424 F.2d 859 (Fed. Cir. 1970) . . . . . . . . . . . . . 10

Schickler, TMD U.S.A., Inc. v. United States,
54 Fed. Cl. 264 (2002) . . . . . . . . . . . . . . . . . . 6

Southfork Sys., Inc. v. United States,
141 F.3d 1124 (Fed. Cir. 1998) . . . . . . . . . . . . . 11

UNR Indus., Inc. v. United States,
962 F.2d 1013 (Fed. Cir. 1992) . . . . . . . . . . . . 8, 16

United States v. Connolly,
716 F.2d 882 (Fed. Cir. 1983) . . . . . . . . . . . . . . 9

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . 8

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . 8, 9

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . 8

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . 8, 9

**FEDERAL STATUTES**

48 C.F.R. § 9.200, et seq . . . . . . . . . . . . . . . . . . . . 2

5 U.S.C. § 553 . . . . . . . . . . . . . . . . . . . . . . . 2, 19

5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . 9, 10, 12, 16

31 U.S.C. § 3551 . . . . . . . . . . . . . . . . . . . . . . . . 2

41 U.S.C. § 253 . . . . . . . . . . . . . . . . . . . . . . . . . 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FIRE-TROL HOLDINGS LLC,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1389C<br>(Judge G. Miller) |

DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, pursuant to RCFC 12(b)(1) and (6), respectfully requests that the Court dismiss the complaint of plaintiff, Fire-Trol Holdings LLC ("Fire-Trol"), for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. In support of this motion, we rely upon Fire-Trol's complaint, motion for a preliminary injunction, and exhibits; defendant's brief setting forth the procedural steps defendant will follow before modifying any qualified products list or solicitation for the procurement of fire retardant; and the briefs filed in connection with the Government's motion to dismiss Fire-Trol's complaint in the Federal District Court for the District of Arizona.

DEFENDANT'S BRIEF

STATEMENT OF THE CASE

I. Nature Of The Case

Fire-Trol seeks review of "rules" allegedly issued by the Forest Service, U.S. Department of Agriculture ("FS"). Fire-Trol claims that FS has adopted rules prohibiting the use of sodium ferrocyanide ("YP Soda") and requiring the use of gum thickener in wildland fire retardants sold to FS. Pl. Compl. ¶ 1. Fire-

Trol argues that FS's alleged rules are invalid because FS failed to comply with the notice and comment requirements of the Administrative Procedures Act (the "APA"), 5 U.S.C § 553, the Competition in Contracting Act (the "CICA"), 41 U.S.C. § 253, and Federal Acquisition Regulation Part 9, subpart 2, 48 C.F.R. § 9.200, et seq. Pl. Compl. at 42-43.

As we demonstrate below, FS has not promulgated the rules Fire-Trol alleges, and in any event, this Court's limited jurisdiction does not extend to reviewing the validity of agency rules. For these reasons, and because Fire-Trol is not even an "interested party" as defined by this Court's jurisdictional statutes, we respectfully request that the Court dismiss Fire-Trol's complaint for lack of jurisdiction.

II. Issues Presented

1. Whether this Court lacks subject matter jurisdiction to entertain Fire Trol's complaint because Congress has not vested this Court with jurisdiction to entertain challenges to the validity of alleged agency rules.

2. Whether this Court lacks subject matter jurisdiction to entertain Fire-Trol's claims because Fire-Trol is not an interested party to a procurement.

3. Whether Fire-Trol's claims are barred because determinations of procurement requirements are not rules and are exempt from APA notice and comment requirements.

5. Whether Fire-Trol's claims are barred because Fire-Trol cannot show it has been prejudiced by agency action.

III. Statement Of Facts

FS is an agency of the United States Department of Agriculture that purchases fire retardant for use in fighting wildland fires. Pl. Compl. ¶ 5.

On March 28, 2000, FS issued an Order to Suspend Work halting its purchases of fire-retardant from Fire-Trol because of concerns relating to the effects of YP Soda on aquatic life. Pl. Compl. ¶ 39. On April 20, 2000, FS revoked this Order to Suspend Work so that further investigation could occur. Pl. Compl. ¶ 49.

On June 1, 2000, FS informed Fire-Trol that FS did not intend to purchase fire retardant containing YP Soda beginning in 2004. Pl. Compl. ¶ 51. FS also informed Fire-Trol that it would "only accept bids for gum-thickened products in the year 2004 contracts." Pl. Compl. ¶ 93.

FS reiterated its position regarding the dangers of YP Soda to Fire-Trol on January 31, 2002: "Because other, less toxic, alternatives are available at reasonable cost, the Forest Service does not want YP Soda in retardant."
Pl. Mot. T.R.O. Ex. J at 50. FS also explained that "science, including numerous test[] drops over the years, is conclusive that a greater percentage of gum-thickened drop reaches a target than comparable unthickened retardants." Pl. Mot. T.R.O. Ex. J at 50.

In a letter dated May 26, 2002, FS confirmed that it would not accept retardants containing YP Soda for the 2004 contract

cycle, and would require retardants to contain gum thickener. Pl. Mot. T.R.O. Ex. K at 52. FS later withdrew its letter of May 26, 2002. The agency further stated that: "Once the Forest Service has determined exactly what changes it will make in the specifications, testing procedures, and the Qualified Products List and complied with applicable statutes and regulations, it will issue new letters to potential contractors and to the Government Point of Entry informing them of these changes for the 2004 contract." Pl. Mot. T.R.O. Ex. L at 56.

FS reiterated its position in letters dated August 2, 2002 and October 4, 2002. Pl. Mot. T.R.O. Ex. M at 58; Pl. Mot. T.R.O. Ex. N at 61. On July 8, 2003, the Canadian Interagency Forest Centre informed Fire-Trol that it would re-test fire retardants using protocols developed by FS. Pl. Mot. T.R.O. Ex. O at 66.

Fire-Trol responded to these letters by filing a complaint in the Federal Court for the District of Arizona. Fire-Trol sought injunctive relief prohibiting FS from banning YP Soda or requiring gum thickener in future solicitations. Pl. Compl. Ex. 1 at 1. The United States Attorneys Office for the District of Arizona (the "USA") filed a motion to dismiss, arguing that the district court lacked jurisdiction to entertain bid protests. USA Mot. to Dismiss at 2. However, the USA also suggested that Fire-Trol's claims were premature and that this Court would lack jurisdiction to entertain them: "[T]he complaint does not challenge any current Government procurement or solicitation

involving the issue that it raised in the complaint." USA Mot. to Dismiss at 2.

In response, Fire-Trol argued that the USA's position "treads perilously close to a Rule 11 violation." Pl. Opp. to USA Mot. to Dismiss at 1 n.1. The district court disagreed and dismissed Fire-Trol's complaint. Pl. Compl. Ex. 1 at 1.

Fire-Trol filed its complaint in this Court on August 27, 2004. On September 13, 2004, Fire-Trol requested a preliminary injunction.

## SUMMARY OF THE ARGUMENT

This Court lacks jurisdiction to entertain Fire-Trol's claims. First, Congress has not vested this Court with jurisdiction to entertain challenges to the validity of agency rules, including rules concerning procurement contracts. Further, Fire-Trol is not an interested party to a bid solicitation and so cannot invoke the jurisdiction of this Court.

Even if this Court could entertain challenges to the validity of rules governing procurements, it could not do so based upon the facts of this case. First, the letters and comments cited in plaintiff's complaint do not constitute final agency rules. Further, the APA specifically exempts rules concerning Government contracts from its notice and comment requirements. Finally, Fire-Trol cannot obtain relief from this Court because it cannot demonstrate that agency action has caused

it prejudice. Accordingly, Fire-Trol's complaint should be dismissed.[1]

ARGUMENT

I. Standard Of Review

This motion is directed toward the Court's jurisdiction and properly is styled a motion to dismiss, rather than a motion for summary judgment. Cupey Bajo Nursing Home, Inc. v. United States, 23 Cl. Ct. 406, 411-12 (1991) (motion for summary judgment based upon lack of jurisdiction treated as motion to dismiss). "Pursuant to RCFC 12(b)(1) and 12(b)(6), the Court is required to grant Defendant's motion to dismiss if it finds that the Court of Federal Claims does not have jurisdiction over Plaintiff's claim or that Plaintiff has failed to state a claim upon which relief can be granted." Awad v. United States, 61 Fed. Cl. 281, 283 (2004). When a defendant challenges this Court's jurisdiction, "the plaintiff bears the burden of proving that subject-matter jurisdiction is proper." Id. (citing Schickler, TMD U.S.A., Inc. v. United States, 54 Fed.Cl. 264, 268 (2002)).

If the factual basis for jurisdiction is challenged, the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion. Awad, 61 Fed. Cl. at 283. In deciding a

[1] On May 25, 2004, this Court granted the Government's motion for summary judgment regarding a previous bid protest filed by plaintiff. Fire Trol Holdings LLC v. United States, No. 04-240C (May 25, 2004 Fed. Cl.)

motion to dismiss for lack of subject matter jurisdiction pursuant to rule 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); Adams v. United States, 20 Cl. Ct. 132, 133 n.1 (1990).[2]

Here, Fire-Trol's complaint fails to offer a proper basis upon which this Court can assert jurisdiction to entertain Fire-Trol's claims. Accordingly, this Court should dismiss the complaint for lack of subject matter jurisdiction.

## II. Fire-Trol's Complaint Should Be Dismissed For Lack Of Subject Matter Jurisdiction

Fire-Trol asks this Court to declare invalid alleged "rules" banning YP Soda and requiring gum thickener in wildland fire retardants sold to the FS. Pl. Compl. ¶ 1. No such rules exist and no proposed solicitation reflects such policies. As a result, Fire-Trol's complaint falls outside of the limited jurisdiction of this Court and should be dismissed.

[2] Should the Court determine that it is necessary to review evidentiary matters outside the pleadings, defendant respectfully requests that its motion to dismiss be treated as a motion for summary judgment pursuant to RCFC 56. See RCFC 12(b).

A. This Court's Jurisdiction To Entertain Bid Protests Is Limited

Like its predecessors, the United States Court of Federal Claims is a court of limited jurisdiction. Phaidin v. United States, 28 Fed. Cl. 231, 233 (1993); Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (table). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. E.g., United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

Congressional consent to suit in this Court, which thereby waives sovereign immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fid. Constr. Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir. 1983). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. United States v. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969). Moreover, "a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988); accord UNR Indus., Inc. v. United States, 962 F.2d 1013, 1022-23, 1025 (Fed. Cir. 1992) (en banc), aff'd sub nom., Keene Corp. v. United States, 508 U.S. 200 (1993).

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. United States v. Testan, 424 U.S. at 397; Aetna Cas. & Sur. Co. v. United States, 228 Ct.

Cl. 146, 151, 655 F.2d 1047, 1051 (1981). Pursuant to this statute, an action may be maintained in this Court only if it is founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491.

This provision, however, does not create any substantive right of recovery against the United States for money damages. United States v. Testan, 424 U.S. at 398; Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). Rather, it merely confers jurisdiction upon the Court whenever the substantive right exists. United States v. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc). Thus, if no proper contract claim exists, a claimant must look beyond this jurisdictional statute and establish some substantive provision of law, regulation, or the Constitution, which fairly can be construed as mandating compensation, to state a claim within the jurisdiction of this Court. United States v. Mitchell, 445 U.S. at 538; United States v. Connolly, 716 F.2d at 885.

Traditionally, Government procurement cases were brought in the Court of Federal Claims under a theory that the Government formed implied contracts with prospective bidders to consider their bids fairly. Hero, Inc. v. United States, 3 Cl. Ct. 413, 416 (1983). With the passage of the APA in 1946, Federal

district courts began to exercise concurrent jurisdiction over bid protests. Scanwell Labs., Inc. v. Shaffer, 424 F.2d 859, 876 (Fed. Cir. 1970).

To prevent forum shopping and to promote uniformity in procurement award law, Congress passed the Administrative Dispute Resolution Act of 1996 (the "ADRA"), Pub. L. No. 104.320, 110 Stat. 3870. The ADRA included a sunset provision terminating Federal district court jurisdiction to entertain bid protests on January 1, 2001. Id.

Since January 1, 2001, this Court has possessed exclusive jurisdiction to entertain bid protest cases. Thus, this Court has jurisdiction "to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1).

This limited jurisdiction does not embrace Fire-Trol's claims. Accordingly, Fire-Trol's complaint should be dismissed.

B. This Court Lacks Jurisdiction To Entertain Fire-Trol's Complaint Because Fire-Trol's Complaint Challenges The Validity Of Alleged FS Rules

Since passage of the ADRA, the United States Court of Appeals for the Federal Circuit and this Court have had the opportunity to consider whether this Court possesses jurisdiction to entertain suits challenging the validity of agency rules, particularly under the APA. It does not.

In Southfork Sys., Inc. v. United States, 141 F.3d 1124 (Fed. Cir. 1998), the circuit court considered a plaintiff's allegations that the Departments of Education and Defense had acted arbitrarily in promulgating regulations giving preference to a competitor. The circuit court affirmed this Court's decision to dismiss portions of the plaintiff's complaint and held that this Court possesses no jurisdiction to entertain a claim attacking the validity of agency rules:

> As far as Complaints I-III are concerned, Southfork's real complaint was that the Department of Education and DOD had acted arbitrarily in promulgating the regulations that the Air Force followed in conducting the Lackland procurement. If a bidder wishes to challenge the validity of a regulation governing a procurement, the proper method of doing so is to bring an action in federal district court under the Administrative Procedures Act, 5 U.S.C. § 702.

Id. at 1135.

This Court has since acknowledged that it lacks jurisdiction over allegations of improper agency rule-making, even in light of the ADRA. For example, in Automated Comm. Sys. v. United States, 49 Fed. Cl. 570, 575 (2001), this Court rejected a plaintiff's argument that it would be left without any forum to hear its claims because the ADRA had stripped district courts of jurisdiction over bid protest cases. Nonetheless, the Court left no doubt that it lacks jurisdiction to entertain claims alleging or attacking agency rules: "Thus, to the extent ACSI seeks a determination regarding the validity of [agency rules], those claims must be dismissed by this court for want of jurisdiction." Id. at 576.

This is precisely the type of determination sought by Fire-Trol, which asks this Court to find agency "rules" invalid. Pl. Compl. at 42-44. Because Fire-Trol's complaint alleges that FS "rules" themselves are improper (as opposed to arguing, for example, that a contracting officer's decision violated applicable rules), this Court lacks jurisdiction to entertain Fire-Trol's claims. Thus, Fire-Trol's complaint should be dismissed.

C. This Court Lacks Jurisdiction To Entertain Fire-Trol's Complaint Because Fire-Trol Is Not An Interested Party That Can Invoke This Court's Jurisdiction

Under 28 U.S.C. § 1491(b), this Court has jurisdiction to entertain bid protest suits brought by an "interested party." The Court has applied the CICA definition of interested party: "an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract." Dismas Charities, Inc. v. United States, 61 Fed. Cl. 191, 198 (2004) (quoting 31 U.S.C. § 3551(2) (2000)).

However, this does not mean that anyone who disapproves of anticipated agency action may invoke the jurisdiction of this Court. As noted, jurisdiction to entertain bid protest cases traditionally existed in the Court of Federal Claims under an implied contract theory. Thus, this Court has declined to exercise its jurisdiction where a plaintiff "has failed to establish that there is outstanding a specific viable

solicitation by a government agency with respect to which they have been denied the right to participate in the competitive process." Omega World Travel, Inc. v. United States, 9 Cl. Ct. 623, 628 (1986)(emphasis in original).

Since passage of the ADRA, the Court of Appeals for the Federal Circuit and this Court have considered who can qualify as an "interested party" capable of invoking the jurisdiction of this Court.

In Alaska Cen. Express v. United States, 50 Fed. Cl. 510, 519 (2001), this Court considered a plaintiff's argument that this Court could entertain a challenge to agency action when no solicitation was outstanding. The Court held that one cannot be an interested party before an agency proposes a solicitation:

> Plaintiff further suggested at oral argument that the ADRA's reference to "proposed procurement" necessarily contemplates situations where no formal solicitation has occurred. The court construes the qualifier as simply expanding the court's jurisdiction to situations in which competitive solicitations are proposed, but, for one reason or another, are not conducted. Under the ADRA, an interested party -- a plaintiff who would have submitted a bid or offer had the solicitation been conducted -- may challenge the violation of a statute or regulation in connection with that proposed solicitation.

Id. See also Am. Fed'n of Gov't Employees, AFL-CIO v. United States, 258 F.3d 1294, 1301 (Fed. Cir. 2001) (holding that "Congress intended standing under the [ADRA] statute to be limited to disappointed bidders.").

Thus, this Court's bid protest jurisdiction does not extend to situations where no formal solicitation has been proposed. Here, no solicitation has been proposed. Until that happens, Fire-Trol cannot invoke the jurisdiction of this Court.

Fire-Trol anticipates, based upon statements from certain FS representatives, that a future solicitation will differ from solicitations issued in the past. If this were sufficient to invoke the jurisdiction of this Court, then contractors fearing unwelcome changes (from their perspective) in procurement policies could overwhelm this Court's docket. Thus, this Court should dismiss Fire-Trol's complaint for lack of jurisdiction.

D. The Decision Of The Federal District Court For the District Of Arizona Should Not Prevent This Court From Dismissing Fire-Trol's Complaint

Fire-Trol has indicated its concern that it may be left without a remedy if this Court dismisses its complaint for lack of jurisdiction. This argument, even if true, simply would not allow this Court to exercise jurisdiction it has not been granted. Moreover, Fire-Trol will not be remediless if this Court dismisses its complaint because it may pursue a proper bid protest if FS issues a solicitation. Regardless, any failure on Fire-Trol's part to locate a forum to entertain its claims results from its attempt to circumvent jurisdictional rules by bringing a premature quasi-bid protest. Thus, this Court should not hesitate to dismiss Fire-Trol's complaint.

The Government acknowledges that the Federal District Court for the District of Arizona dismissed Fire-Trol's complaint after determining that "Fire-Trol alleges the violation of statutes and regulations (including § 553) in connection with a proposed procurement." Pl. Compl. Ex. 1 at 8. However, the district court cannot confer jurisdiction upon this Court.

Under the law of the case doctrine, one court's decisions regarding legal issues generally govern the same issues in a subsequent forum. Am. Lifestyle Homes, Inc. v. United States, 17 Cl. Ct. 711 (1986). However, this doctrine has limits. For example, "this Court is obligated to determine its own jurisdiction." Id. at 715. As noted, "a court may not in any case, even in the interest of justice, extend its jurisdiction

where none exists." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988); accord UNR Indus., Inc. v. United States, 962 F.2d 1013, 1022-23, 1025 (Fed. Cir. 1992) (en banc), aff'd sub nom., Keene Corp. v. United States, 508 U.S. 200 (1993). Thus, this Court cannot entertain matters over which it lacks jurisdiction, even when another court has dismissed or transferred a complaint. See, e.g., Rodriguez v. United States, 862 F.2d 1558, 1560 (Fed. Cir. 1988) (remanding case to Claims Court and ordering it to re-transfer dispute to district court "because the Claims Court lacks jurisdiction over claims sounding only in tort.").

The district court's dismissal of Fire-Trol's complaint depended upon its interpretation of Ramcor Servs. Group, Inc. v. United States, 185 F.3d 1286 (Fed Cir. 1999). Specifically, the district court focused upon the Federal Circuit's interpretation of the phrase "in connection with" a procurement or a proposed procurement as that phrase is used in 28 U.S.C. § 1491(b)(1). Pl. Compl. Ex. 1 at 6. However, this Court has considered the Ramcor decision and has expressly held that it does not permit this Court to exercise bid protest jurisdiction in a case where no solicitation has been proposed and a "Plaintiff is not a bidder or an offeror." Alaska Cen. Express, 50 Fed. Cl. at 519.

Further, City of Albuquerque v. United States Dep't of the Interior, 217 F. Supp. 2d 1194 (D. N.M. 2002), relied upon by the USA in its motion to dismiss, has been overruled since the parties briefed the issue in the district court. In City of

Albuquerque v. United States Dep't of the Interior, 379 F.3d 901, 910 (10th Cir. 2004), the Court of Appeals for the Tenth Circuit held that the district court could assert jurisdiction over the city's challenge to procedures used by the Interior Department in selecting office space. The circuit court held that jurisdiction is proper in district court and not the Court of Claims where one objecting to procurement activity is "not an actual or a prospective bidder." Id.

Fire-Trol is not an actual or a prospective bidder because there is no procurement for it to bid on. Thus, this Court cannot assert jurisdiction over Fire-Trol's claims.

Still, Fire-Trol will not be remediless, even if neither this Court nor the district court entertains its present suit. If FS issues a solicitation containing the requirements Fire-Trol opposes, Fire-Trol may have standing to invoke the jurisdiction of this Court the same as any other disappointed offeror or bidder. Regardless, any appearance of "jurisdictional ping-pong" results from Fire-Trol's attempt to perform an end-run around this Court's normal bid protest rules of jurisdiction and the APA's rules for challenging agency rule-making. Fire-Trol's complaint is premature and should be dismissed.

II. Fire-Trol's Complaint Is Due To Be Dismissed Because It Fails To State A Claim Upon Which Relief Can Be Granted

Fire-Trol alleges that FS failed to comply with statutory and regulatory requirements in issuing alleged rules. Pl. Compl. § 1. Even if this Court could consider such claims, Fire-Trol's

claim still would have to be dismissed because Fire-Trol has failed to state a claim upon which this Court could grant any relief.

A. The Court Should Dismiss Fire-Trol's Complaint Because Determinations Of Procurement Requirements Are Not Rules

Fire-Trol's entire complaint is based upon its contention that contemplated changes to a FS solicitation violate rule-making requirements. But determinations of procurement requirements are not rules. See, e.g., Am. Moving and Storage Assoc., Inc. v. United States Dep't of Def., 91 F. Supp. 2d 132, 136 (D.D.C. 2000) (rejecting plaintiff's argument that procurement policy change constituted a rule under the APA and granting defendant's motion for summary judgment). In fact, the APA "expressly exempts from its application a matter relating to . . . public property, loans, grants, benefits, or contracts." Essex Electro Eng'g., Inc. v. United States, 960 F.2d 1576, 1581 (Fed. Cir. 1992). After all, "it would be altogether unreasonable to require the various federal agencies of government to publish notice in the Federal Register and to hold hearings each and every time they entered into, rescinded, or canceled a government contract; the burden in time and expense would be extraordinary." Rainbow Valley Citrus Corp. v. Fed. Crop Ins. Corp., 506 F.2d 467, 469 (9th Cir. 1974).

FS has committed to complying with APA's notice and comment requirements when establishing rules that ordinarily would be exempt from APA. But this commitment does not extend to

procurement activities, which are not rules. See Fed. Reg. 36,143 (July 24, 1971) ("The public participation requirements prescribed by 5 U.S.C. 553 (b) and (c) will be followed by all agencies of the Department in rule making relating to public property, loans, grants, benefits, or contracts."). Regardless, FS has reserved the right to apply the exception for rules regarding contracts: "The exemptions permitted from such requirements where an agency finds good cause that compliance would be impracticable, unnecessary or contrary to the public interest will be used sparingly, that is only when there is a substantial basis therefor." Id.

Thus, Fire-Trol's request for an injunction ordering FS to comply with APA notice and comment requirements is moot, because these requirements do not apply to the type of agency activity that is contemplated here.

FS acknowledges that it confronts certain FAR and statutory requirements when changing a solicitation, and it will comply with those requirements prior to issuing any changed solicitation. Fire-Trol's complaint asks this Court to order FS to undertake burdens it is exempted from on the one hand, and to do what it already intends to do on the other. Thus, Fire-Trol's complaint is a waste of precious judicial time and resources and should be dismissed.

B. The Court Should Dismiss Fire-Trol's Complaint Because Fire-Trol Cannot Demonstrate That It Has Been Prejudiced By Any Agency Action

"To prevail in a protest, the protestor must show not only a significant error in the procurement process, but also that the error prejudiced it." Dismas Charities, 61 Fed. Cl. at 207. A party cannot show that it has been prejudiced by an agency's alleged failure to comply with notice requirements when the party is aware of agency actions years before they occur and actively lobbies against those actions.

For example, in Duke City Lumber Co. v. Butz, 382 F. Supp. 362, 372 (D.D.C. 1974), the plaintiffs challenged the legality of a Forest Service timber set-aside program for failure to comply with notice and comment requirements. "Overlooking for the moment that matters relating to government contracts and property are specifically exempted from the notice and hearing requirements," the court held that the plaintiffs could not have been prejudiced by any alleged failure to provide notice of the program. Id. The court so held because "the Plaintiffs not only had actual notice of the proposed change, but they also attended several industry-wide meetings at which the proposed program was discussed in depth. Furthermore, the plaintiff's representatives met privately with agency officials, and submitted an in-depth analysis of the program." Id. at 372-73. As a result, the plaintiffs could not claim, "in spite of their active participation, that they were prejudiced because the Defendants failed to comply with the formalistic requirements of Section 553." Id. at 373.

Here, Fire-Trol cannot claim that it has been prejudiced by contemplated changes to a future solicitation when Fire-Trol has brought suit to enjoin those changes before they have happened. In fact, similar to the plaintiffs in Duke City Lumber, "Fire-Trol has been attempting to educate the []FS" regarding its objections to contemplated FS policies for "the last three years." Pl. Comp. ¶ 67.

Thus, Fire-Trol has had ample time to prepare products that would comply with contemplated agency requirements. In fact, Fire-Trol has such products to offer. That Fire-Trol may have violated another company's patent in developing them is not FS's fault. Pl. Compl. ¶ 19. Because Fire-Trol cannot demonstrate that any contemplated procurement policies have prejudiced it, Fire-Trol's complaint should be dismissed.

CONCLUSION

For these reasons, defendant respectfully requests that its motion to dismiss be granted and that Fire-Trol's complaint be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/WILLIAM F. RYAN

WILLIAM F. RYAN
Assistant Director

/s/PAUL R. WELLONS

PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 616-8253
Fax: (202) 307-0792

September 24, 2004 Attorneys for Defendant