PAUL K. CHARLTON
United States Attorney
District of Arizona

MICHAEL A. JOHNS
Assistant U.S. Attorney
Arizona State Bar No. 3803
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500

Of Counsel:
MARION T. CORDOVA
D.C. Bar No. 39113
US Department of Agriculture
14th & Independence, SW
Room 3329D
Washington, DC 20250
Telephone: (202) 720-4978

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Fire-Trol Holdings, LLC,

Plaintiff,

v.

U.S. Department of Agriculture Forest Service,

Defendant.

CIV-03-2039-PHX-JAT

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant U.S. Department of Agriculture, Forest Service, moves the Court to dismiss the "Complaint for Declaratory Relief and Permanent Injunction" pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, because the Court lacks subject matter jurisdiction. This Motion is supported by the following Memorandum.

**MEMORANDUM**

The Complaint is replete with allegations designed to persuade the Court into thinking that this action is something other than a procurement bid protest; albeit, perhaps, a premature one. The first sentence states the following:

> This is an action seeking review of final decisions by the United States Forest Service ("USFS") to prohibit the use of sodium ferrocyanide (also known as yellow prussiate of soda, or "yp Soda" or "YPS") and to require the use of a gum thickener in wildland fire retardant products sold to the USFS for use in fighting forest fires."

The Complaint then goes on to state the following:

Cordova
6/17/04

> The effect of the USFS' rulemaking is to limit the bidding for wildland fire retardant products to one bidder, in violation of the Competition in Contracting Act, thus creating a monopoly supplier of wildland fire retardant products to governmental agencies, in particular the Bureau of Land Management ("BLM") and the USFS.

The Forest Service ("FS") lacks legal authority to prohibit or ban the use of sodium ferrocyanide, and has not taken any action that could reasonably be construed as a prohibition or ban on the use or sale of fire retardants containing sodium ferrocyanide. Plaintiff is free to use sodium ferrocyanide in any of its products, and the public is free to purchase such products. Plaintiff cannot show that the FS made any attempt to prohibit it from making or selling fire retardants that contain sodium ferrocyanide.

A more accurate statement of what the FS has done is this: the FS made a procurement decision that it will not procure for Government use wildland fire retardants that contain sodium ferrocyanide, nor will the FS procure for Government use wildland fire retardants that do not contain a thickening agent. Neither of these actions amounts to a prohibition or rulemaking, and both actions are exclusively related to government procurement contract solicitations.

When a Federal Agency determines its own procurement requirements prior to issuing a solicitation, that is not a "rulemaking" under the Administrative Procedure Act ("APA"). For example if a Government agency determines that latex paint meets its requirement, whereas oil-based paint does not, such a decision is not a rule, nor is it a prohibition or ban on oil-based paints. The decision is simply a determination of the agency requirement. Challenges to that procurement determination, if in connection with a Government current or proposed procurement of goods or services, would appear to constitute a bid protest. (Although Fire-Trol's complaint discusses a solicitation in the Fall of 2003, the complaint does not challenge any current Government procurement or solicitation involving the issue that it raised in the complaint.) This Court, however, lacks jurisdiction over bid protests.

The FS has determined that it no longer will procure wildland fire retardants that contain sodium ferrocyanide, because such products present an avoidable environmental risk. Further, the FS has determined that viscous or thickened fire retardants perform better than water-like

or unthickened fire retardants when dropped from aircraft, and for that reason the FS will no longer procure unthickened wildland fire retardants. These findings are part of the agency determination of its own procurement requirements, and as such relate solely to the agency procurement to satisfy its own needs, and do not affect what a contractor chooses to manufacture or sell in the open market.

Fire-Trol, the Plaintiff, objects to the agency determination of its own requirements, and is attempting to substitute its own judgment that the FS should continue to procure fire retardants that contain sodium ferrocyanide, and are unthickened. A challenge to a Federal agency determination of its own procurement requirement is in essence a claim that the agency has determined its own needs in violation of a procurement law or regulation, or in an arbitrary or capricious manner. Challenges alleging a violation of a procurement statute or regulation, or alleging an arbitrary or capricious decision in connection with a Government procurement of goods or services, are bid protests.

In *Scanwell Lab., Inc. v. Shaffer*, 137 U.S. App. D.C. 371, 424 F.2d 859 (D.C. Cir. 1970), the U.S. Court of Appeals for the D.C. Circuit, determined that U.S. District Courts had jurisdiction to entertain challenges to agency procurement decisions - that is, bid protests - under the Administrative Procedures Act (APA). On September 30, 1996, Congress passed the Administrative Dispute Resolution Act of 1996 ("ADRA"). [1/] In ADRA Congress in effect codified the *Scanwell* jurisdiction, granting express authority to both the U.S. Court of Federal Claims and the U.S. District Courts to hear pre-award and post-award bid protests. ADRA provided the following:

> Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract with any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. Both the United States Court of Federal Claims and the district courts of the United States shall

---

[1/] Pub. L. No. 104-320, §12, 110 Stat. 3870, 3874 (1996).

> have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded. [2]

However, Congress also provided for a sunset provision:

> (d) SUNSET. - The jurisdiction of the district courts of the United States over the actions described in section 1491(b)(1) of title 28, United States Code (as amended by subsection (a) of this section) shall terminate on January 1, 2001 unless extended by Congress.

Congress did not extend the district court jurisdiction, thus on January 1, 2001, U.S. District Courts ceased to have jurisdiction to hear Federal Government procurement bid protests.

Other courts have held that the sunset provision in ADRA divested U.S. District Courts of jurisdiction to hear bid protests. For example, when the City of Albuquerque, New Mexico, challenged the U.S. Department of the Interior ("DOI") regarding the solicitation and evaluation of bids, as well as the ultimate site selected for office space, the U.S. District Court for the District of New Mexico dismissed the case for lack of jurisdiction. There, the Court stated:

> The City's action is precisely the type contemplated and controlled by the ADRA, exclusive jurisdiction for which lies in the Court of Federal Claims.
>
> Before 1996, this Court would likely have had jurisdiction to adjudicate this APA action by the City under the *Scanwell* doctrine. . . . wherein the D.C. Circuit determined that the district courts have jurisdiction to adjudicate bid protests under the APA. [Citations omitted.] That is no longer the case. Case law analyzing the ADRA's legislative history makes it clear that Congress intended that the ADRA would "subsume" any causes of action in the realm of bid protests or procurement protests formerly arising under the APA and *Scanwell*. [Citations omitted.] After *Novell* and *Emery Worldwide*, the district courts do not retain any residual *Scanwell* jurisdiction. [3]

---

[2] Subsection (a)(3) of Section 12 of the Administrative Dispute Resolution Act, Pub. L. No. 104-320, 110 Stat. 3874.

[3] *City of Albuquerque v. United States Department of the Interior*, 217 F.Supp. 2d 1194, 1196-1197 (July 31, 2002).

## CONCLUSION

For the reasons set forth above, the United States Department of Agriculture, Forest Service, respectfully requests that this Court dismiss this case for lack of subject matter jurisdiction.

Respectfully submitted this 8 day of June, 2004.

PAUL K. CHARLTON
United States Attorney
District of Arizona

MICHAEL A. JOHNS
Assistant U.S. Attorney

Original filed and copy of the foregoing mailed this 8th day of June, 2004, to:

David V. Seyer
LAW OFFICES OF DAVID V. SEYER
1761 East McNair Drive, Suite 102
Tempe, Arizona 85283-5002

Paul F. Dauer
LAW OFFICES OF BEST BEST & KRIEGER, LLP
400 Capitol Mall, Suite 1650
Sacramento, California 95814

Marion T. Cordova
US Department of Agriculture
14th & Independence, SW
Room 3329D
Washington, DC 20250