PAUL K. CHARLTON
United States Attorney
District of Arizona

MICHAEL A. JOHNS
Assistant U.S. Attorney
Arizona State Bar No. 3803
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500

Of Counsel:
MARION T. CORDOVA
D.C. Bar No. 39113
US Department of Agriculture
14th & Independence, SW
Room 3329D
Washington, DC 20250
Telephone: (202) 720-4978

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Fire-Trol Holdings, LLC,

Plaintiff,

v.

U.S. Department of Agriculture Forest Service,

Defendant.

CIV-03-2039-PHX-JAT

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant U.S. Department of Agriculture, Forest Service, submits the following Reply Memorandum in support of its Motion to Dismiss the Complaint.

**MEMORANDUM**

Plaintiff's opposition to this Rule 8(e)(1) motion evades the issue. Rule 8(e)(1) requires that the averments of a Complaint be "simple, concise and direct". The Complaint clearly contains an unreasonable amount of argument and evidentiary material, including descriptions of conversations, a practice condemned by cases such as *Deyo v. Internal Revenue Service,* 2002 WL 1482517 (D. Conn. 2002) and *Carrigan v. California State Legislature, et al.,* 263 F.2d 560, 565 (9th Cir. 1959). For example, paragraph 47 on page 10 of the Complaint alleges that certain statements were made at a meeting involving several people. That page of the Complaint contains approximately 29 different factual allegations which counsel for Defendant would have

to research and decide whether to admit or deny. If that page is representative of the 43 pages of allegations, there are approximately 1247 such allegations to be responded to. Rule 8(e)(1) prohibits this kind of needless detail, which in fact constitutes the raising of needless controversies at the pleading stage, contrary to Rule 8(a)(2). Thus, it is Plaintiff's Complaint, not Defendant's Motion to Dismiss, which violates the rules of pleading.

Plaintiff cites cases and rules which are not applicable to the issue raised in the Motion. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969) and *Imagineering, Inc. v. Kiewitt Pac. Co.*, 976 F.2d 1303, 1306 (9th Cir. 1992) both involve motions to dismiss for failure to state a claim, not whether a complaint was so onerous as to violate Rule 8(e)(1).

*Conley v. Gibson,* 355 U.S. 41, 47 (1957) involved a dismissal for lack of jurisdiction, inapplicable to the issue in this Motion. Plaintiff cites Rules 1 and 8(f) which are not at issue here, but a "simple, concise and direct" Complaint would certainly further the goal of Rule 1 to secure a just, speedy and inexpensive determination of the issues. This is especially so in a case involving the limited standard of judicial review of final agency action under the Administrative Procedures Act, where it is not appropriate to litigate *de novo* all the evidentiary events occurring over several years before the final agency action was taken. Thus, there is no reason to put hundreds if not thousands of such facts at issue in a complaint. The guidance in Rule 8(f) to construe pleadings to do substantial justice is inapplicable, because the problem raised with this Complaint cannot be construed away.

The opinion in *Hilska v. Jones*, 217 F.R.D. 16, 22 (D.D.C. 2003) required a pro se plaintiff to plead a more definite statement of claims. The instant Motion does not seek a more definite statement. *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) involved whether the complaint contained sufficient allegations showing the pleader was entitled to relief, as required by Rule 8(a), which is irrelevant to whether the instant Complaint violates Rule 8(e)(1). In *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 879 (M.D. Fla. 1996) the defendant sought more specific allegations on the grounds that the complaint did not give fair notice of the claims, arguing that there was a heightened pleading standard in civil rights cases. The opinion is irrelevant to the

pending issue. Plaintiff's attempt to justify its onerous Complaint by alleging that this case is complex, is simply not correct. The instant Complaint appears to present three legal theories challenging the decision not to use Plaintiff's fire retardant- violation of the Administrative Procedures Act, the Competition in Contracting Act, or the Federal Acquisition Regulations. In *Dublin Distribs. Inc. v. Edward and John Burke, Ltd.*, 109 F.Supp. 125 (D.C.N.Y. 1952) the court required plaintiff in an antitrust suit to provide a more definite statement in separate counts, another inapplicable Rule 8(a) opinion. The instant Motion does not seek clarification of Plaintiff's legal claims.

The instant Motion was not filed for the purpose of delay, but to avoid the onerous and needless answering of argumentative and evidentiary details in an answer, which would set up needless disputes, which Rule 8(e)(1) was designed to avoid. The parties should file simple, concise and direct pleadings which appropriately frame the issues and which permit the just, speedy and inexpensive resolution of the case. The Complaint should be dismissed pursuant to Rule 8(e)(1).

Respectfully submitted this 6 day of January, 2004.

PAUL K. CHARLTON
United States Attorney
District of Arizona

MICHAEL A. JOHNS
Assistant U.S. Attorney

Original filed and copy of the foregoing mailed this 7th day of January, 2004, to:

David V. Seyer
LAW OFFICES OF DAVID V. SEYER
1761 East McNair Drive, Suite 102
Tempe, Arizona 85283-5002

Jennifer L. McCready
Best Best & Krieger, LLP
400 Capitol Mall, Suite 1650
Sacramento, CA 95814

Paul F. Dauer
LAW OFFICES OF BEST BEST & KRIEGER, LLP
400 Capitol Mall, Suite 1650
Sacramento, California 95814

Marion T. Cordova
US Department of Agriculture
14th & Independence, SW
Room 3329D
Washington, DC 20250

L. Cooper