DAVID V. SEYER, Arizona Bar No. 012345
LAW OFFICES OF DAVID V. SEYER
1761 E. McNair Drive, Suite 102
Tempe, AZ 95283-5002
Telephone: 480-829-9400
Telecopier: 480-829-9565
E-Mail: David.Seyer@azbar.org

PAUL F. DAUER, California Bar No. 37428
LAW OFFICES OF PAUL F. DAUER
400 Capitol Mall, Suite 2950
Sacramento, California 95814
Telephone: (916) 448-2431
Telecopier: (916) 448-2462

JENNIFER L. MCCREADY, California Bar No. 179262
BEST BEST & KRIEGER LLP
400 Capitol Mall, Suite 1650
Sacramento, California 95814
Telephone: (916) 325-4000
Telecopier: (916) 325-4010

Attorneys for Plaintiff
FIRE-TROL HOLDINGS LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| FIRE-TROL HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF AGRICULTURE FOREST SERVICE,<br><br>Defendant. | Case No. CV 03-02039-PHX-JAT<br>Judge: James A. Teilborg<br><br>PLAINTIFF FIRE-TROL'S OPPOSITION TO FOREST SERVICE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>**ORAL ARGUMENT REQUESTED** |

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

## INTRODUCTION

Defendant United States Department of Agriculture, Forest Service ("Forest Service") once again has made a groundless, and less than diligent, motion, delaying Plaintiff Fire-Trol Holdings, LLC's ("Fire-Trol") ability to secure relief from the Forest Service's arbitrary and capricious action. Without addressing 28 U.S.C. section 1331, the specific jurisdictional basis identified in the Complaint, the Forest Service argues that this Court lacks jurisdiction over this action. In fact, section 1331 provides this Court the necessary jurisdiction to proceed with both the Administrative Procedure Act ("APA") and Competition in Contracting Act ("CICA") claims.[1] For the reasons discussed below, Defendant's motion should be denied and Defendant ordered to answer the Complaint.

## ARGUMENT

### I. THIS COURT HAS JURISDICTION OVER FIRE-TROL'S ADMINISTRATIVE PROCEDURE ACT AND COMPETITION IN CONTRACTING ACT CLAIMS

As stated in paragraph 2 of Fire-Trol's Complaint, this Court "has subject matter jurisdiction of this action pursuant to 28 U.S.C. section 1331 as raising issues under the [APA] and federal [CICA]."[2] Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendant entirely neglects to address section 1331 jurisdiction in its motion. In fact, jurisdiction over the APA and CICA claims is proper under 28 U.S.C. section 1331.

#### A. This Court Has Jurisdiction Over Fire-Trol's APA Claims

It is well established that district courts have jurisdiction over APA claims pursuant to 28 U.S.C. section 1331. *See Califano v. Sanders*, 430 U.S. 99, 105 (1977). Defendant

[1] Defendant's motion, which is made without citation to, or discussion of, pertinent authority and appears designed to delay, treads perilously close to a Rule 11 violation, particularly on the heels of the motion to dismiss denied by the Court on May 27, 2004.

[2] Because the Complaint states the basis for this Court's jurisdiction on its face, Fire-Trol understands the Forest Service motion to be a substantive challenge to this Court's jurisdiction, rather than solely a challenge to the form of the Complaint.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

Forest Service's cursory motion is wholly unclear as to the basis for its implied claim that section 1331 does not provide this Court jurisdiction. As discussed below, the Forest Service action is subject to the APA and, through section 1331, to jurisdiction of this Court.

The APA generally requires an agency to provide the public notice and the opportunity to be heard on any proposed "rule." 5 U.S.C. § 553. The APA defines "rule" as

> . . . an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency . . .

5 U.S.C. § 551.

The Forest Service has announced that it will not purchase wildland fire retardants containing yellow prussiate of soda (hereafter, "YP Soda," also known as sodium ferrocyanide), and will only purchase fire retardants containing gum thickener. These announcements are "agency statement[s] of general or particular applicability" to agency purchases of wildland fire retardant.[3] The rules also have "future effect" because they are stated to commence with the 2005 procurement cycle. *See* Complaint, ¶ 65. Finally, they implement a policy or practice requirement of the Forest Service by implementing an overall ban on a product that the Forest Service believes presents an "environmental risk" and implementing a policy to purchase only gum-thickened retardants. *See* Forest Service Motion at 2-3. Thus, the Forest Service decisions to ban YP Soda and to require gum

---

[3] The APA applies to an "agency statement of general **or** particular applicability." 5 U.S.C. § 551 (emphasis added). The Forest Service's apparent position that a rule which is not a general "prohibition or ban on the use or sale of fire retardants containing sodium ferrocyanide" (Forest Service Motion at 2) is not subject to the APA is contrary to the language of the APA and unsupported by citation to other authority. As reflected in the Complaint passages quoted by Defendant in its motion, Fire-Trol never contended that the Forest Service rule wholly prevented all sales of wildland fire retardant. However, since effectively all of Fire-Trol's sales are to entities purchasing in total or partial reliance on Forest Service Specification 5100-304b, the Forest Service action *de facto* acts as a ban on Fire-Trol's fire retardant products. Declaration of Joe Grigel, filed herewith ("Grigel Decl."), ¶¶ 2-3.

thickeners in fire retardants are "rules" subject to the APA.

The United States Department of Agriculture has expressly committed its agencies, including the Forest Service, to be bound by the APA's public notice and participation procedures, stating:

> The public participation requirements prescribed by 5 U.S.C. 553 (b) and (c) will be followed by all agencies of the Department in rule making relating to public property, loans, grants, benefits, or contracts. . . .

36 Fed. Reg. 13804 (July 24, 1971); *see also Sugar Cane Growers Coop. of Florida v. Veneman*, 289 F.3d 89, 95 n.5 (D.C. Cir. 2002); *Rodway v. United States Dep't of Agric.*, 514 F.2d 809, 814 (D.C. Cir. 1975) (recognizing that "the regulation fully bound the Secretary to comply thereafter with the procedural demands of the APA."). Because the Department of Agriculture has committed that its agencies, including the Forest Service, will comply with the APA's notice and comment requirements, the Forest Service must comply with the APA in adopting its rule not to purchase retardants containing YP Soda and in adopting its rule to require gum-thickeners. To the extent that the Forest Service might be arguing that it is not bound by the APA, that argument must fail.

The Forest Service disingenuously attempts to characterize its rulemaking as merely a determination of an agency requirement with respect to a particular procurement. However, the Forest Service's own motion belies that characterization. As the Forest Service states, it "has determined that it **no longer** will procure wildland fire retardants that contain [YP Soda], because such products present an avoidable environmental risk." Forest Service Motion at 2 (emphasis added). That is, the Forest Service admits its intent not to purchase fire retardants containing YP Soda in **any** future procurements, not just a single, upcoming procurement.

Further, the Forest Service's policy is being implemented through a *de facto* amendment to Specification 5100-304b, pursuant to which fire retardant products are

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

listed on the qualified products list ("QPL").[4] The Forest Service is acting to prevent Fire-Trol products containing YP Soda from completing testing required by Specification 5100-304b and from being listed as fully qualified on the QPL. *See* Declaration of Rob Crouch, filed herewith ("Crouch Decl."), ¶¶ 5-7 and Exhibit A thereto; Grigel Decl., ¶ 4. The Forest Service's current refusal to test formulas containing YP Soda will negatively affect Fire-Trol's competitive position should Fire-Trol be successful in this litigation because qualification of its products is being delayed. *See* Crouch Decl., ¶ 8.

In addition to having an effect on future Forest Service procurements, the Forest Service rules challenged in this action also affect Fire-Trol sales to other government entities. Specification 5100-304b and the associated QPL are used or relied upon by other government entities for their purchases of wildland fire retardant. *See, e.g.,* Declaration of Paul F. Dauer, filed herewith, Exhibit A (California procurement incorporating federal standards). Thus, the rule banning YP Soda is having a current effect on Fire-Trol, and will potentially affect numerous future procurements if Fire-Trol is successful in this action and the Forest Service rules are overturned. *See* Crouch Decl., ¶ 8. Because the challenged rules are stated with reference to all future procurements, and are affecting the retardant qualification process, the Forest Service's rules are not merely a discretionary decision of what to purchase in a particular procurement, but are "rules" subject to the requirements of the APA.

**B. This Court Has Jurisdiction Over Fire-Trol's CICA Claims**

As reflected in paragraph 2 of Fire-Trol's Complaint, section 1331 also provides jurisdiction over the CICA claims. The Competition in Contracting Act is a "law[] . . . of

---

[4] The Forest Service has not circulated proposed changes to Specification 5100-304b for public comment. The first procurement solicitations in which the Forest Service has indicated that it will implement its new ban on YP Soda and requirement for gum thickener must be issued by this Fall, at the latest. Because that schedule does not practically permit time for adoption of the new specifications pursuant to the APA, the Forest Service has manifested its intent to implement its changes to Specification 5100-304b without compliance with the APA requirements. To that end, the Forest Service has stated that it is currently testing retardants for compliance with some different but undisclosed retardant specification. Crouch Decl., ¶ 8.

the United States" (28 U.S.C. § 1331), so actions arising under CICA fall under district court jurisdiction. The instant action arises under CICA because the action relates to limitation of competition in government contracting. CICA provides for specifications governing the establishment and use of a QPL in the procurement process. 41 U.S.C. § 253c; Federal Acquisition Regulations (48 C.F.R.), subpart 9.2. Plaintiff Fire-Trol contends that Defendant Forest Service has failed to comply with procedure and competitive requirements of CICA in adopting and/or amending its specification. Thus, unless jurisdiction is otherwise precluded, section 1331 provides this Court jurisdiction over actions arising under CICA.

In the context of a specific pending procurement, CICA actions generally are brought before the United States General Accounting Office ("GAO") or the Court of Federal Claims in a bid protest action. However, because the instant action does not involve a specific, pending procurement, jurisdiction does not lie with either the GAO or the Court of Federal Claims. As expressly noted in Paragraph 3 of the Complaint,

> Because the instant action involves the [Forest Service's] improper rule-making in violation of the APA and the CICA, jurisdiction is only proper before the United States District Courts. The [GAO] has previously held, in a protest involving Plaintiff Fire-Trol, that the GAO does not have jurisdiction to hear such disputes, which challenge the [Forest Service's] rulemaking in general, because GAO's jurisdiction extends only to specific procurement actions. (*Matter of Fire-Trol Holdings, LLC* (GAO Case No. B-290674).)

The Forest Service did not address this jurisdictional contention in its motion.

Even if a procurement were pending, it is questionable whether Fire-Trol could challenge anything more than the specific terms of that solicitation. In order to challenge the overall violation of CICA in the Forest Service rulemaking, Fire-Trol **must** bring the action before a federal district court. Accordingly, regardless of whether this Court would have jurisdiction over a specific pending procurement, the Forest Service has not established (and can not establish) that this Court is divested of jurisdiction over review of specifications for a QPL which were adopted contrary to the requirements of CICA. Because this Court has jurisdiction over the CICA claims under 28 U.S.C. section 1331,

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814

and that jurisdiction has not been committed to any other forum, Defendant's motion to dismiss for lack of jurisdiction should be denied.

## II. BECAUSE THE INSTANT CASE IS NOT A BID PROTEST, *SCANWELL* JURISDICTION IS IRRELEVANT

Fire-Trol does not dispute that federal district courts were expressly granted jurisdiction over bid protests, or that such jurisdiction has lapsed and is no longer available. Defendant's discussion of *Scanwell* jurisdiction, while historically interesting, is irrelevant. The instant dispute is not a bid protest.

## CONCLUSION

Defendant Forest Service has entirely failed to cite any law, affidavits, or other factual support to establish its position that this Court lacks jurisdiction. As pled by Plaintiff Fire-Trol in its Complaint and discussed fully above, this Court has jurisdiction over the action under 28 U.S.C. section 1331. Defendant's motion to dismiss for lack of jurisdiction must be denied, and Defendant should be ordered to answer the Complaint.

Dated: June 22, 2004

BEST BEST & KRIEGER LLP

By: s/Jennifer L. McCready
JENNIFER L. MCCREADY
Attorneys for Plaintiff
FIRE-TROL HOLDINGS LLC

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........ 1
ARGUMENT ........ 1
I. THIS COURT HAS JURISDICTION OVER FIRE-TROL'S ADMINISTRATIVE PROCEDURE ACT AND COMPETITION IN CONTRACTING ACT CLAIMS ........ 1
    A. This Court Has Jurisdiction Over Fire-Trol's APA Claims ........ 1
    B. This Court Has Jurisdiction Over Fire-Trol's CICA Claims ........ 4
II. BECAUSE THE INSTANT CASE IS NOT A BID PROTEST, SCANWELL JURISDICTION IS IRRELEVANT ........ 6
CONCLUSION ........ 6

# TABLE OF AUTHORITIES

**Page**

**Statutes**

28 United States Code section 1331 ........ 1, 2, 4, 5, 6
36 Code of Federal Regulations section 13804 (July 24, 1971) ........ 3
41 United States Code section 253c ........ 5
48 Code of Federal Regulations ........ 5
5 United States Code section 551 ........ 2
5 United States Code section 553 ........ 2
5 United States Code section 553 (b) ........ 3
5 United States Code section 553 (c) ........ 3
Federal Rules of Civil Procedure, rule 11 ........ 1

**Federal Cases**

*Califano v. Sanders*, 430 U.S. 99 (1977) ........ 1
*Matter of Fire-Trol Holdings, LLC* (GAO Case No. B-290674) ........ 5
*Rodway v. United States Dep't of Agric.,* 514 F.2d 809 (D.C. Cir. 1975) ........ 3
*Sugar Cane Growers Coop. of Florida v. Veneman*, 289 F.3d 89 (D.C. Cir. 2002) ........ 3

LAW OFFICES OF
BEST BEST & KRIEGER LLP
400 CAPITOL MALL, SUITE 1650
SACRAMENTO, CALIFORNIA 95814