NO. 04-1389C
(Judge G. Miller)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Fire-Trol Holdings LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

WILLIAM F. RYAN
Assistant Director

PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele:(202) 616-8253
Fax: (202) 307-0972

Attorneys for Defendant

OCTOBER 4, 2004

TABLE OF CONTENTS

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS ........................................ 1

I. Fire-Trol's Complaint Should Be Dismissed Because Fire-Trol Fails To Distinguish Controlling Precedent, Which Establishes That This Court Lacks Jurisdiction To Entertain Suits Challenging Agency Rulemaking ........... 1

II. Because Fire-Trol Is Not An "Interested Party," The Court Should Dismiss Fire-Trol's Complaint .................... 4

A. Fire-Trol's Complaint Should Be Dismissed Because Fire-Trol Is Not An Interested Party As That Term Has Been Defined By This Court ......... 4

B. This Court's Bid Protest Jurisdiction Does Not Extend To The Type Of Claims Fire-Trol Has Brought ............................................ 5

III. Even If This Court's Lack Of Subject Matter Jurisdiction Were Unclear, Dismissal of Fire-Trol's Complaint Would Be Proper ................................ 9

IV. Fire-Trol's Claims Should Be Dismissed Because Fire-Trol Cannot Show Prejudice ................. 10

V. The Court Should Not Transfer This Action Back To The District Court Because Determinations Of Agency Procurement Requirements Are Not Rules ............................. 13

# TABLE OF AUTHORITIES

## FEDERAL CASES

Alaska Cen. Express v. United States,
50 Fed. Cl. 510 (2001) . . . . . . . . . . . . . . . . . . . 7

Am. Lifestyle Homes, Inc. v. United States,
17 Cl. Ct. 711 (1989) . . . . . . . . . . . . . . . . . . 13

Am. Fed'n of Gov't Employees, AFL-CIO v. United States,
258 F.3d 1294 (Fed. Cir. 2001) . . . . . . . . . . . 4, 5, 7

Am. Moving and Storage Assoc., Inc. v. United States Dep't of Def.,
91 F. Supp. 2d 132 (D.D.C. 2000) . . . . . . . . . . . . 14

Automated Comm. Sys. v. United States,
49 Fed. Cl. 570 (2001) . . . . . . . . . . . . . . . . 2, 4

Delta Data Sys. Corp. v. Webster,
744 F.2d 197 (D.C. Cir. 1984) . . . . . . . . . . . . . . 8

Dismas Charities, Inc. v. United States,
61 Fed. Cl. 191 (2004) . . . . . . . . . . . . . . . 4, 10

Duke City Lumber Co. v. Butz,
382 F. Supp. 362 (D.D.C. 1974) . . . . . . . . . . . 10, 14

Fid. Constr. Co. v. United States,
700 F.2d 1379 (Fed. Cir.) . . . . . . . . . . . . . . . 10

Fire-Trol Holdings LLC v. United States,
No. 04-240C (May 25, 2004 Fed. Cl.) . . . . . . . . . . 12

Hero, Inc. v. United States,
3 Cl. Ct. 413, 416 (1983) . . . . . . . . . . . . . . . . 7

Impresa Construzioni Geom. Domenico Garufi v. United States,
238 F.3d 1324 (Fed. Cir. 2001) . . . . . . . . . . . . . 6

Labat-Anderson, Inc. v. United States,
50 Fed. Cl. 99 (2001) . . . . . . . . . . . . . . . . . . . . 8

McNutt v. General Motors Acceptance Corp. of Indiana,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . 9

Novell v. United States,
46 Fed. Cl. 601 (2000) . . . . . . . . . . . . . . . . . . . 9

Omega World Travel, Inc. v. United States,
9 Cl. Ct. 623 (1986) . . . . . . . . . . . . . . . . . . . . 7

Orange Park Florida T.V., Inc. v. FCC,
811 F.2d 664 (D.C. Cir. 1987) . . . . . . . . . . . . . . . 9

Rainbow Valley Citrus Corp. v. Fed. Crop Ins. Corp.,
506 F.2d 467 (9th Cir. 1974) . . . . . . . . . . . . . . . 14

Ramcor Serv., Inc. v. United States,
185 F.3d 1286 (Fed. Cir. 1999) . . . . . . . . . . . . . . 7

Rocovich v. United States,
933 F.2d 991 (Fed. Cir. 1991) . . . . . . . . . . . . . . . 9

Rodway v. United States Dep't of Agric.,
514 F.2d 809 (D.C. Cir. 1975) . . . . . . . . . . . . . . 13

Southfork Sys., Inc. v. United States,
141 F.3d 1124 (Fed. Cir. 1998) . . . . . . . . . . . . . 2, 3

Sugar Cane Growers Coop. of Florida v. Veneman,
289 F.3d 89 (D.C. Cir. 2002) . . . . . . . . . . . . . . . 13

FEDERAL STATUTES

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . passim

31 U.S.C. § 3551 . . . . . . . . . . . . . . . . . . . . . . . 4

P.L. No. 104-320, 110 Stat. 3870 . . . . . . . . . . . . . . 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FIRE-TROL HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1389C |
| | ) | (Judge G. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS

Defendant, the United States, respectfully submits its reply in support of its motion to dismiss. In support of its reply, the Government relies upon the pleadings and the following brief.

I. Fire-Trol's Complaint Should Be Dismissed Because Fire-Trol Fails To Distinguish Controlling Precedent, Which Establishes That This Court Lacks Jurisdiction To Entertain Suits Challenging Agency Rulemaking

Fire-Trol's complaint seeks "review of final decisions by the United States Forest Service ('USFS') to prohibit the use of sodium ferrocyanide (also known as yellow prussiate soda, or 'YP Soda' or 'YPS') and to require the use of a gum thickener in wildland fire retardant products sold to the USFS for use in fighting forest fires." Pl. Compl. at 2. Thus, the gravamen of Fire-Trol's complaint is that Fire-Trol has been injured by "USFS' rulemaking." Pl. Compl. at 2.

Clear precedent establishes, however, that this Court lacks jurisdiction to entertain suits challenging agency rulemaking. Fire-Trol's complaint, therefore, should be dismissed.

As demonstrated in our opening brief, both the Court of Appeals for the Federal Circuit and this Court have held that this Court possesses no authority to entertain suits challenging agency rulemaking, and this Court has rejected claims like Fire-Trol's in the past. See Southfork Sys., Inc. v. United States, 141 F.3d 1124, 1135 (Fed. Cir. 1998)("If a bidder wishes to challenge the validity of a regulation governing a procurement, the proper method of doing so is to bring an action in federal district court under the Administrative Procedures Act, 5 U.S.C. § 702."); Automated Comm. Sys. v. United States, 49 Fed. Cl. 570, 576 (2001)("Thus, to the extent ACSI seeks a determination regarding the validity of [agency rules], those claims must be dismissed by this court for want of jurisdiction.").

Fire-Trol argues that the facts of this case differ from those cited above. However, those cases are squarely on point.

For example, Fire-Trol's complaint alleges that "Defendant USFS' decision to adopt rules prohibiting the use of YP Soda in wildland fire retardant, requiring use of gum thickeners resulting in a minimum 100 centipoise viscosity wildland fire retardant, and modifying existing testing and qualification

procedures are arbitrary and capricious and contrary to 5 U.S.C. section 553 . . . ." Pl. Compl. at 39.

This is precisely the legal issue presented in Southfork Sys., Inc., where the plaintiff's "real complaint was that the Department of Education and DOD had acted arbitrarily in promulgating the regulations that the Air Force followed in conducting the Lackland procurement." 141 F.3d at 1135.

The issue in both cases is identical: the plaintiff challenged an agency's decision to "adopt rules" or "promulgate regulations" that the plaintiff disliked.

In fact, Fire-Trol previously has argued that, "[i]n order to challenge the overall violation of [the Competition in Contracting Act ("CICA")] in the Forest Service rulemaking, Fire-Trol must bring the action before a federal district court." Pl. Opp. to USA Mot. to Dismiss at 5 (emphasis in original).

Although we disagree that a district court could entertain Fire-Trol's present suit, this Court clearly cannot. This Court has explicitly stated that the jurisdiction Congress has conferred upon it "did not extend to review of the validity of the underlying regulations themselves." Automated Comm. Sys., 49 Fed. Cl. at 576. Thus, this Court should dismiss Fire-Trol's complaint.

## II. Because Fire-Trol Is Not An "Interested Party," The Court Should Dismiss Fire-Trol's Complaint

Fire-Trol may not properly invoke the jurisdiction of this Court because it is not an "interested party" to a procurement as this Court has defined that term. Thus, this Court lacks jurisdiction and should dismiss Fire-Trol's claims for declaratory and injunctive relief.

### A. Fire-Trol's Complaint Should Be Dismissed Because Fire-Trol Is Not An Interested Party As That Term Has Been Defined By This Court

Fire-Trol cannot invoke the jurisdiction of this Court because it is not an interested party to a proposed solicitation or procurement. For this reason, Fire-Trol's complaint should be dismissed.

The Court of Appeals for the Federal Circuit and this Court have applied the CICA definition of interested party: "an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract." Dismas Charities, Inc. v. United States, 61 Fed. Cl. 191, 198 (2004) (quoting 31 U.S.C. § 3551(2)). See also Am. Fed'n of Gov't Employees, AFL-CIO v. United States, 258 F.3d 1294, 1301 (Fed. Cir. 2001). In reaching this conclusion, the Federal Circuit and this Court have concluded that Congress "intended the same standing requirements that apply to protests

brought under the CICA to apply to actions brought under § 1491(b)(1)." Id.

These holdings are inconsistent with Fire-Trol's allegation that this Court can entertain its complaint. Because no contract, solicitation, award, or procurement is at stake, Fire-Trol is neither a bidder nor an offeror. This Court can, and should, dismiss the complaint for this reason alone.

That Fire-Trol has formed contracts with the Government in the past is completely irrelevant to this determination. This Court lacks jurisdiction to entertain Fire-Trol's claims and should dismiss Fire-Trol's complaint.

B. This Court's Bid Protest Jurisdiction Does Not Extend To The Type Of Claims Fire-Trol Has Brought

Fire-Trol previously has stated (correctly) that, "because the instant action does not involve a specific, pending procurement, jurisdiction does not lie with either the GAO or the Court of Federal Claims." Pl. Opp. to USA Mot. to Dismiss at 5.[1]

---

[1] Despite reversing its own position, Fire-Trol mistakenly accuses the defendant of asserting arguments inconsistent with those advanced by the United States Attorney (the "USA") in district court. Although the USA correctly argued that the proper venue for a true bid protest is in the United States Court of Federal Claims, the USA expressly reserved judgment on whether this Court could entertain Fire-Trol's suit: "Whether Plaintiff's challenge[s] . . . . are sufficiently ripe and whether they have sufficient standing to sustain an action at this time in the Court of Federal Claims . . . are issues for the Court of Federal Claims to Decide." USA Reply to Opp. to Mot. to Dismiss at 3.

Fire-Trol further stated that "[t]he instant dispute is not a bid protest." Pl. Opp. to USA Mot. to Dismiss at 6. Now Fire-Trol asks this Court to define "proposed procurement" so broadly as to encompass its claims. This Court already has held that the term "proposed procurement" is not this broad. Thus, the Court should dismiss Fire-Trol's complaint.

As we explained in our opening brief and Fire-Trol cannot dispute, prior to the enactment of the Administrative Dispute Resolution Act (the "ADRA"), P.L. No. 104-320, 110 Stat. 3870, this Court's bid protest jurisdiction was based upon the Government's duty to treat bidders fairly. This duty arose because of an implied contract between the agency and bidders. Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1331 (Fed. Cir. 2001). Therefore, the issuance of a solicitation by an agency and a bidder's responsive bid or offer were needed to create the implied contract that was reviewed by this Court. See Omega World Travel, Inc. v. United States, 9 Cl. Ct. 623, 627 (1986) (bid protest not cognizable where Government decided to award service contracts without bidding and "none of the plaintiffs aver that they are bidders, responsive or otherwise, to a duly disseminated solicitation by any agency"); Hero, Inc. v. United States, 3 Cl. Ct. 413, 416 (1983)("[T]here is no jurisdiction over a suit for equitable relief under 28

U.S.C. § 1491(a)(3) by a non-bidder in connection with a proposed government procurement.").

Although the ADRA consolidated the jurisdiction of the Court of Federal Claims and the district courts by providing for pre- and post-award protests in both fora, the resulting revision of section 1491 did not expand the type of action (i.e., a bid protest) that this Court could adjudicate. For example, the Federal Circuit has concluded that the ADRA merely permitted this Court "to include post-award bid protest cases brought under the APA by disappointed bidders." American Fed'n., 258 F.3d at 1301 (emphasis added); see also Alaska Cen. Express v. United States, 50 Fed. Cl. 510, 519 (2001)(rejecting argument that the term "proposed procurement" extends to situations where no solicitation has occurred).

Fire-Trol's complaint addresses none of the categories of disputes this Court could entertain, as no solicitation or other request for offers for a contract, no award or proposed award, and no award termination or cancellation are alleged.

Instead, Fire-Trol relies upon Ramcor Serv. Group, Inc. v. United States, 185 F.3d 1286 (Fed. Cir. 1999), which held that this Court properly exercised jurisdiction over a plaintiff's allegation that the INS improperly overrode the automatic stay imposed following a protest to the GAO. In finding that the

Court possessed jurisdiction, the Federal Circuit noted that the phrase "in connection with" in Section 1491(b)(1) was "very sweeping in scope." Id. at 1289. However, the Court explained that "[a]s long as a statute has a connection to a procurement proposal, an alleged violation suffices to supply jurisdiction." Id. (emphasis added). The Court went on to conclude that, "[w]here an agency's actions under a statute so clearly affect the award and performance of a contract, this court has little difficulty concluding that that statute has a 'connection with a procurement.'" Id. Although changes to qualification requirements are contemplated here, no proposed procurement has been issued. Thus, Fire-Trol's reliance upon Ramcor is misplaced.[2]

The fallacy of Fire-Trol's position is made clear when one considers the public policy underlying bid protests: "The main objective" of a protest is "to assure that the government obtains the most advantageous contract[] by complying with the procedures which Congress and applicable regulations have provided." Delta Data Sys. Corp. v. Webster, 744 F.2d 197, 206 (D.C. Cir. 1984). A wrongful award of a Government contract constitutes "a discrete

---

[2] Fire-Trol's citation to Labat-Anderson, Inc. v. United States, 50 Fed. Cl. 99 (2001), is equally unavailing. Labat-Anderson concerned a post-award bid protest and, thus, is completely inapposite. Id. at 100.

economic injury to unsuccessful bidders, who [then] have an incentive to vindicate the public interest as well as their own by insisting on the integrity of the procurement process." Orange Park Florida T.V., Inc. v. FCC, 811 F.2d 664, 672 (D.C. Cir. 1987).

Here, because there is no solicitation, bid, contract, or competition of any kind, the public interest in achieving the most advantageous contract by insisting on the integrity of the procurement process is absent. The bid protest jurisdiction of this Court does not extend to Fire-Trol's claims. Therefore, Fire-Trol's complaint should be dismissed.

III. Even If This Court's Lack Of Subject Matter Jurisdiction Were Unclear, Dismissal Of Fire-Trol's Complaint Would Be Proper

As plaintiff, Fire-Trol must prove that this Court possesses jurisdiction to entertain this action. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991); Novell v. United States, 46 Fed. Cl. 601, 606 (2000) (citing Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998)). Furthermore, "[a]mbiguities with regard to jurisdiction should be 'resolved against the assumption of jurisdiction.'" Novell, 46 Fed. Cl. at 606 (quoting Mars Inc v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368, 1373 (Fed. Cir. 1994)). As the United

States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fid. Constr. Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir.)

Fire-Trol maintains that "the proper forum for this action is in question," and that "the delineation of jurisdiction over matters impacting public procurements is not entirely clear." Pl. Opp. to Motion to Dismiss at 21 n.10.

To the contrary -- that this Court lacks jurisdiction to entertain Fire-Trol's claims is very clear. However, even if the current state of this Court's jurisdiction were ambiguous, this Court is obligated to resolve that ambiguity by ruling that it does not possess jurisdiction to entertain the present suit.

IV. Fire-Trol's Claims Should Be Dismissed Because Fire-Trol Cannot Show Prejudice

As we also explained in our opening brief, Fire-Trol would have to show "not only a significant error in the procurement process, but also that the error prejudiced it." Dismas Charities, 61 Fed. Cl. at 207. Yet Fire-Trol cannot demonstrate that FS rulemaking has caused it prejudice under the facts of this case. Duke City Lumber Co. v. Butz, 382 F. Supp. 362, 372 (D.D.C. 1974)(dismissing claims where plaintiffs argued "in spite of their active participation, that they were prejudiced because

the Defendants failed to comply with the formalistic requirements of Section 553").

First, as demonstrated, the procurement determinations at issue here do not fall under the notice and comment requirements of the APA. Thus, to the extent Fire-Trol alleges APA violations, those claims are beyond this Court's jurisdiction.

Second, Fire-Trol has articulated no actual violations of CICA because Fire-Trol cannot explain how the contemplated changes to an FS specification will cause a monopoly in violation of CICA. In fact, Fire-Trol already has submitted a product for testing that has been qualified for use under the contemplated new specification. Decl. of Victoria Hennings at ¶ 21.

Moreover, if Fire-Trol chose not to bid under the new specification, a monopoly would not arise. There are multiple companies capable of bidding qualified products. For example, FS currently maintains contracts with Fire-Trol, Astaris LLC, and Hunot Retardant Co. FS expects both Astaris and Hunot to compete for the next solicitation it issues.[3] If Fire-Trol does not do the same, it will be because Fire-Trol has made a business decision, not because FS barred its products.

---

[3] Hunot sells fire retardant manufactured by Astaris through a licensing agreement. Even if Fire-Trol is concerned that its own product violates an Astaris patent, there is no reason why Fire-Trol could not pursue a similar license.

In fact, this is not the first time Fire-Trol has argued incorrectly that FS policies violate CICA and would lead to a monopoly. In a previous bid protest filed in this Court, Fire-Trol objected to FS's inclusion of a patent indemnity clause, contending that the clause would lead to a monopoly by Astaris. This Court rejected Fire-Trol's arguments in that case, and it should do so again now.[4]

Finally, FS already has demonstrated that it will comply with FAR requirements before amending its fire retardant specifications. Decl. of Victoria Hennings at ¶¶ 15, 16. But Fire-Trol's position appears to be that, as soon as agency officials conclude that a change in specifications is in order, those officials have already violated the FAR. That position is completely illogical, and Fire-Trol fails to support it with any legal authority.

---

[4] See Fire-Trol Holdings LLC v. United States, No. 04-240C (May 25, 2004 Fed. Cl.).

## V. The Court Should Not Transfer This Action Back To The District Court Because Determinations Of Agency Procurement Requirements Are Not Rules

This Court can revisit the decision of the Federal District Court for the District of Arizona only if the district court's decision was "clearly erroneous" and "would work a manifest injustice." Am. Lifestyle Homes, Inc. v. United States, 17 Cl. Ct. 711, 715 (1989). Those circumstances are absent here, because Fire-Trol cannot demonstrate the existence of agency rules that the district court properly could have reviewed.

As noted, Fire-Trol previously acknowledged that: "Because the instant action does not involve a specific, pending procurement, jurisdiction does not lie with either the GAO or the Court of Federal Claims." Pl. Opp. to USA Mot. Dismiss at 5. Because of this, Fire-Trol expends considerable ink attempting to demonstrate that FS's determinations of procurement requirements are "rules" subject to review by a district court of competent jurisdiction.[5]

---

[5] The cases Fire-Trol cites for this proposition stand for nothing more than the proposition that the United States Department of Agriculture follows the APA's notice and comment requirements when issuing actual rules. See Sugar Cane Growers Coop of Florida v. Veneman, 289 F.3d 89, 95 n.5 (D.C. Cir. 2002); Rodway v. United States Dep't of Agric., 514 F.2d 809, 814 (D.C. Cir. 1975). Fire-Trol cites no authority to counter the well-established principle that determinations of procurement requirements are not rules.

However, determinations of procurement requirements are not "rules" and are explicitly exempted from APA notice and comment requirements Am. Moving and Storage Assoc., Inc. v. United States Dep't of Def., 91 F. Supp. 2d 132, 136 (D.D.C. 2000) ("As the procurement policy change here is thus not a 'rule' under the RFA, no flexibility analysis is required."); Rainbow Valley Citrus Corp. v. Fed. Crop Ins. Corp., 506 F.2d 467, 469 (9th Cir. 1974)(applying public contracts exception to USDA procurement decision); Duke City Lumber Co. v. Butz, 382 F. Supp. 362, 372 (D.D.C. 1974)(noting that USDA procurement decisions are exempt from APA notice and comment requirements).

Thus, Fire-Trol could not properly invoke the jurisdiction of the Federal Court for the District of Arizona, and that court's decision to dismiss Fire-Trol's complaint was correct. This Court should follow suit, and dismiss Fire-Trol's complaint for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, the Court should grant the Government's motion and dismiss Fire-Trol's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ WILLIAM F. RYAN
WILLIAM F. RYAN
Assistant Director

/s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

October 4, 2004

Attorneys for Defendant