UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

---

| | | |
|---|---|---|
| Fire-Trol Holdings, LLC,<br>Plaintiff,<br>vs.<br>U.S. Department of Agriculture Forest Service,<br>Defendant. | ) | CIV 03-2039-PHX-JAT<br>Phoenix, Arizona<br>August 4, 2004<br>8:16 a.m. |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

(Motion Hearing)

BEFORE: THE HONORABLE JAMES A. TEILBORG, JUDGE

Official Court Reporter:

David C. German, RMR, CRR
Official U.S. Court Reporter
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC-39
Phoenix, Arizona 85003-2151
(602) 322-7251

PROCEEDINGS TAKEN BY STENOGRAPHIC COURT REPORTER
TRANSCRIPT PREPARED BY COMPUTER-AIDED TRANSCRIPTION

UNITED STATES DISTRICT COURT

2

APPEARANCES:

FOR THE PLAINTIFF:

Best, Best & Krieger, LLP
Attorneys at Law
400 Capitol Mall, Suite 1650
Sacramento, California 95814
By: Jennifer L. McCready, Esq.

Law Offices of David V. Seyer
Attorneys at Law
1761 E. McNaire Drive, Suite 102
Tempe, Arizona 85283-5002
By: David V. Seyer, Esq.

FOR THE DEFENDANT:

Paul K. Charlton
United States Attorney
District of Arizona
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
By: Michael A. Johns, Esq.

UNITED STATES DISTRICT COURT



Phoenix, Arizona
August 4, 2004

(Proceedings convened at 8:16 a.m.)

THE COURT: Thank you. Please be seated.

I'll ask the clerk to call the next matter, please.

THE CLERK: Civil Case 03-2039, Fire-Trol Holdings versus USFS. This is the time set for a motion hearing.

Please announce your presence for the record.

MS. MCCREADY: Jennifer McCready of Best, Best and Krieger on behalf Fire-Trol Holdings.

THE COURT: Good morning, Miss McCready.

MS. MCCREADY: Good morning, Your Honor.

MR. SEYER: David Seyer of the Law Offices of David V. Seyer for plaintiff Fire-Trol Holdings.

THE COURT: Good morning.

MR. JOHNS: Michael Johns for the Forest Service.

THE COURT: Good morning, Mr. Johns.

All right. The Court has read the papers the papers have filed so you'll know that. I'll allow 15 minutes for each side, and the Government can reserve as much of that for rebuttal as it wishes.

And you may proceed, Mr. Johns.

MR. JOHNS: Thank you, Your Honor.





As I explained in our memoranda, the ADRA sunset provision placed exclusive jurisdiction over contract matters back in the U.S. Court of Federal Claims. That

includes any dispute in connection with a proposed procurement, which is the language out of the statute. It includes alleged violations of any statute or regulation.

So the sunset provision has disposed of what used to be called Scanwell jurisdiction, which existed under Section 1331 of the Title 28. Every court which has considered the issue following the sunset of Scanwell jurisdiction through the ADRA has so held.

The Emery World Wide Airlines we cited out of the Federal Circuit in 2001; the Novell opinion out of the District of Columbia; and the City of Albuquerque case, those are the only three cases/opinions that I know of that even deal with the issue, and they all come down on the side of the Government, including the side of the Congress to the extent that it was the intent of the ADRA and the intent of Congress in passing that that exclusive jurisdiction go back to the U.S. Court of Federal Claims. Fire-Trol has not, in fact, cited any case or any statute to the contrary, because none exist.

The Competition in Contracting Act, which is one of the statutes that they do talk about, is not a jurisdictional statute. It provides power to the GAO to





deal with protests in the competitive arena but it doesn't grant any jurisdiction to District Courts. Any CICA, or Competition in Contracting Act, case could either go to the GAO for adjudication or the U.S. Court of Federal Claims. As Fire-Trol indicated in their pleadings, they

did attempt to go to the GAO, which apparently found that it was premature because there was no procurement pending.

The word "procurement", I did run across a definition of it as I was preparing for this argument, and I hadn't seen it before. It's in 41 U.S. Code Section 403, paragraph 2. It says the term procurement, in quotation marks, includes all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with contract completion and closeout.

So that's a pretty broad definition of what procurement is about, again, indicating that insofar as this litigation is connected with a proposed procurement it ought to be heard in the U.S. Court of Federal Claims.

The question that would be posed in that court, as it should be in this court at some point, is whether the case is ripe, but the lack of ripeness doesn't -- the lack of ripeness in the U.S. Court of Federal Claims certainly doesn't provide any basis for expanding jurisdiction in the District Courts.





Finally, the point was made that they may not have a current remedy because of this lack of ripeness, but in the City of Albuquerque case, which we did cite, they talk about the fact that it may be that they currently cannot go to challenge a proposed procurement to either the GAO or the U.S. Claims court but that's just the way it is and when the case is ripe then they can

proceed in either of those forum.

I guess the final point I would make, Fire-Trol argues that why should we wait until there's actually a solicitation, why can't we litigate the issue now, which is this whole ripeness problem, because there will be less time to deal with it at the time of the solicitation, which we expect to come out this fall. I think the answer to that is that they can seek a stay of the procurement and litigate these issues and if a stay is not granted by the GAO, for example, they can go directly to the U.S. Court of Federal Claims and obtain a preliminary injunction, and that would fully protect their rights over the contract.

Unless the Court has some questions, I have nothing further.

THE COURT: All right. Thank you, Mr. Johns.

Miss McCready.

MS. MCCREADY: Thank you, Your Honor.

UNITED STATES DISTRICT COURT

□

7

The central question which is really before this Court this morning is the question of whether or not the matter before the Court is a single procurement or a single proposed procurement or is actually a rule, that is, a statement -- actually, two statements, one with respect to acquiring gum thickener, the other with respect to banning YP Soda, whether those rules by the Forest Service were intended to apply to more than a single procurement, whether they were intended to implement the

policy of the Forest Service not to allow YP Soda in its retardants and to require gum thickener in its retardants.

Now, Fire-Trol has provided this Court with documents and declarations which support its position that this is actually a rule and it falls under the APA. Because it falls under the APA, this Court has jurisdiction under 28 U.S.C. Section 1331.

The Forest Service has countered that, no, this is actually a single procurement. They've stated this in very conclusory terms without backup evidence. And, in fact, if you look closely at the Forest Service's motion, they don't really take the position that it's just one procurement. What they say is that the Forest Service no longer will allow YP Soda in its retardants. That is not for a single procurement. No longer means that they are applying this across the board and in a number of or all





future procurements.

Now, if you look at the evidence that Fire-Trol cited, it is clear, first of all, this is not a procurement. Nobody has asserted that there's actually a solicitation outstanding, so it can only be a proposed procurement. But it's not even a proposed procurement. In fact, the Forest Service has been applying its position since 2000, more than four years before the supposed solicitation will be issued. That reflects a rule as opposed to simply a decision of what to buy in a single procurement.

In fact, the Forest Service has been implementing this rule, as reflected in the declaration of Rob Crouch, where Fire-Trol has been told a number of times that its products will not be tested because they contain YP Soda. In fact, this Court has an e-mail in front of it, which is attached to Mr. Crouch's declaration, where the Forest Service indicated that it was not interested in testing any product that contains YP Soda.

If, in fact, this was for a single procurement for the 2005 procurement, that makes absolutely no sense, because if the Forest Service's position were right, then Fire-Trol could bid the YP Soda products in 2006.

So it doesn't make any sense the way they're implementing it that it would be a single procurement.

UNITED STATES DISTRICT COURT

9

And, in fact, there would be no reason to ban YP Soda or to require gum thickener for a single year.

If you accept the Forest Service's position, what they're saying to you is that Fire-Trol couldn't bid YP Soda products, that the Forest Service would ban those for 2005, that it would require gum thickener for 2005, that it had a basis for doing so, but then all of a sudden in 2006 it doesn't matter whether they think that gum thickener provides for better drop characteristics or it doesn't matter whether they think YP Soda causes environmental problems. Again, this is not consistent with their stated position for why they're implementing these rules.

All of this evidence supports the conclusion that Fire-Trol has urged that this is actually a rule, that it is subject to the APA, that it is not a single -- a decision of what to procure in a single procurement, but it is across the board.

In fact, if you look at 48 CFR Section 9.203(a), that's in the FAR, that section states that generally qualification is performed in advance and independently of any specific acquisition action.

So that section, which applies to qualification requirements, itself reflects that qualification requirements are adopted independently of a specific





procurement.

This Court has jurisdiction unless there is another statute which deprives it of jurisdiction. The Forest Service has claimed that 28 U.S.C. Section 1491 vests jurisdiction in the Court of Federal Claims. I've explained why it doesn't because this action is not with respect to a procurement or a proposed procurement as the language vesting the Court of Federal Claims of jurisdiction reflects, but it is a rule with respect to many procurements which is, in fact, currently being implemented with respect to testing.

The recent case in the City of Albuquerque just last week, the Tenth Circuit reversed and remanded the case to the District Court there, and in the City of Albuquerque case, what the court said -- first of all,

they specifically said they were not deciding the question of whether after the sunset provision the District Courts retained any jurisdiction, essentially Scanwell jurisdiction.

That court specifically noted that there was a split, that there was at least one case which had found after the sunset provision -- or which had -- had after the sunset provision ruled on essentially a protest action. So it did note a split. It did note that it was not deciding the issue but that the issue remains open.





But what that case did find is that there does remain some jurisdiction in the District Courts following the ADRA sunset provision which allows courts to hear matters under the APA which are related in some way to a procurement.

And we would say -- we would urge this Court to follow that principle and to find that this is not an individual procurement, jurisdiction does not rest in the Court of Federal Claims; therefore, this Court retains jurisdiction under 1331 and can rule on this action.

Finally, I would ask this Court, after hearing the argument and considering the briefing, if this Court does find that it lacks jurisdiction, under 28 U.S.C. Section 1631 this Court has the authority to transfer the matter to the Court of Federal Claims, that is, Section 13 -- 1631 states that if the Court finds that there is a want of jurisdiction the Court shall, if it is in the

interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.

If this Court finds that it doesn't have jurisdiction, necessarily it must find that another court does have jurisdiction, in this case, the Court of Federal Claims, and we would ask that it be transferred there.

But as the Forest Service has stated, well, it





wasn't the Court of Federal Claims that found it didn't have jurisdiction. The GAO, in considering very similar circumstances of qualification standards prior to the issuance of a solicitation, did find that it did not come within the bid protest jurisdiction.

Therefore, we would urge this Court to find that with all of the evidence and case law before it that it does have jurisdiction and can proceed with this matter.

THE COURT: Tell me, if indeed this is a rule rather than a single procurement, why that would vest jurisdiction in this Court as opposed to the Court of Claims.

MS. MCCREADY: Well, the Court of Claims jurisdiction states that the Court of Federal Claims shall have jurisdiction to render judgment on an action by an interested party objecting to any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. The Court of Federal Claims -- the jurisdiction in the Court of Federal Claims is

jurisdiction over a specific procurement, whether it's actually -- whether the solicitation actually has been issued or whether it is anticipated to be issued.

The difference here is that we are not challenging a single procurement. We're not challenging simply the 2005 procurement. We're challenging an





overarching statement of policy, implementation of policy, and it's our position that the Court of Federal Claims would not assume jurisdiction over that breadth of a challenge, the implementation of policy, that that challenge is appropriately brought under the APA and is then appropriately before this Court under the APA and Section 1331.

THE COURT: All right. Thank you.

MS. MCCREADY: Thank you, Your Honor.

THE COURT: Mr. Johns.

MR. JOHNS: Your Honor, I think the argument on whether or not the decision of the Forest Service not to produce any more product with YP Soda in it, without a gum thickener, whether that's a rule or not goes to the merits of the case and really not to jurisdiction.

I've only been able to locate two cases which even address the issue of whether such a decision is a rule or not. Both of the cases I was able to find and the only cases I was able to find hold that a decision of a contracting officer is, in fact, not APA rule-making and, in fact, is not APA adjudication.

The only two cases I could find, and perhaps there are more, one is the Impressa Construction case. It's at 238 F.3d 1324, and the discussion at 1337. The other case is Applications Research Corporation, 752





F.Supp. 660 at page 667. I hadn't cited those earlier because I think that really deals with the merits of the case, the whole theory of the case, and not with this Court's jurisdiction. I'm not aware of any case law -- none has been cited by either party -- that suggests that the U.S. Court of Federal Claims cannot consider APA issues in connection with the procurement of goods and services for the government.

I think it's also dangerous for the District Courts to venture into this question that's just come up today about what is the extent of the jurisdiction of the U.S. Claims Court. I think that's an issue that the Claims Court ought to decide and not the District Court.

There are some Ninth Circuit cases out there that talk about, you know, other courts trying to decide between the conflicting jurisdictions. It's been an issue in the judicial system for as long as I can remember, which goes back about 30 years.

With respect to -- let's see if there was anything else I wanted to discuss.

Oh, the request to transfer.

There hasn't been a request to transfer this case to the U.S. Court of Federal Claims until today, and so we

haven't really addressed it. It is discretionary with the Court. The correct standard, I think, was cited, but the





question is whether or not this case is ripe. I don't think anything was indicated which would suggest any kind of prejudice if the Court simply dismissed the case and Fire-Trol were to file an original action in the U.S. Court of Federal Claims. This case is not delegated to the U.S. Attorney completely for handling. Everything I do gets reviewed in Washington and they specifically asked me to oppose a transfer in the event one was requested.

And that's all I have, Your Honor.

THE COURT: Okay.

Thank you very much, counsel. The Court will take the motion under advisement.

We're in recess.

MS. MCCREADY: Thank you, Your Honor.

(Proceedings recessed at 8:35 a.m.)

C E R T I F I C A T E

I, DAVID C. GERMAN, Official Court Reporter, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the proceedings and testimony reported by me on the date specified herein regarding the afore-catpioned matter are contained fully and accurately in the notes taken by me upon said matter; that the same were transcribed by me with the aid of a computer; and that the foregoing is a true and correct transcript of the same, all done to the best of my skill and ability.

DATED at Phoenix, Arizona, this 5th day of October, 2004.

DAVID C. GERMAN, RMR, CRR
OFFICIAL COURT REPORTER