# In the United States Court of Federal Claims

No. 04-1389 C
Filed October 12, 2004
TO BE PUBLISHED

FIRE-TROL HOLDINGS, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Procurement, solicitation, interested party, actual or prospective bidder or offeror, Administrative Procedure Act, 5 U.S.C. § 553, Competition in Contracting Act, 41 U.S.C. § 253, qualified products list, 48 C.F.R. § 9.200, 28 U.S.C. § 1631

Paul F. Dauer, Law Offices of Paul F. Dauer, Jennifer L. McCready, Best Best & Krieger LLP, Sacramento, CA, for plaintiff.

Paul R. Wellons, Trial Attorney, William F. Ryan, Assistant Director, David M. Cohen, Director, Peter D. Keisler, Assistant Attorney General, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

GEORGE W. MILLER, Judge.

This matter is before the Court on defendant's Motion to Dismiss for lack of subject matter jurisdiction. For the following reasons, defendant's motion is GRANTED.

## *BACKGROUND*

On August 27, 2004, plaintiff Fire-Trol Holdings ("Fire-Trol") filed a complaint in this Court for declaratory relief and preliminary and permanent injunctive relief, seeking review of rules it alleged were adopted by the United States Department of Agriculture Forest Service ("USFS") prohibiting the use of sodium ferrocyanide ("YP Soda") and requiring the use of gum thickener in wildland fire retardants sold to the USFS. Compl. ¶ 1.

Fire-Trol alleges that the USFS failed to follow statutory and regulatory requirements in adopting the rules in question. Fire-Trol also alleges that the USFS failed to follow relevant statutory and regulatory provisions in modifying its requirements for qualifying products to be included on its qualified products list ("QPL") for wildland fire retardants. The effect of the USFS's actions, Fire-Trol claims, is to limit to one source the suppliers of wildlfire retardant products, in violation of the Competition in Contracting Act (CICA), 41 U.S.C. § 253 (2000).

On September 17, 2004, Fire-Trol filed a motion for preliminary injunction seeking to enjoin the USFS from implementing or applying any rule banning YP Soda or from excluding any wildland fire retardant lacking gum thickener. Fire-Trol requested that this Court, as an initial matter, determine whether it had jurisdiction over the action. Mot. for Prelim. Inj. at 1. The Government agreed during a September 20 status conference that the issue of jurisdiction should be resolved promptly. In accordance with this Court's Order of September 22, the Government on September 24 filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") on the ground that this Court lacks subject matter jurisdiction to hear plaintiff's claim. Plaintiff filed its opposition on October 1; defendant filed its reply on October 4; and the Court held a telephonic oral argument on October 6.

## *FACTS*

The USFS is responsible for managing public lands in national forests and grasslands. As part of its responsibilities, the USFS provides for fire protection, which includes contracting for and applying fire retardant products to facilitate fighting wildfires.

The USFS conducts competitive procurements to award fire retardant contracts. Traditionally, contracts have been awarded for one-year terms with two one-year extension options. The USFS awards two contracts for each firebase, one for purchase of bulk retardant, and one for retardant delivered mixed and loaded. The current fire retardant contracts expire in early 2005, and the USFS expects to issue the solicitation for contracts covering the period 2005 through 2007 in late 2004.

To facilitate its procurement of fire retardant, the USFS uses a QPL. A QPL is a list of products that have been thoroughly examined, tested in accordance with established protocols, and found to comply with the Government's qualification requirements. All fire retardant products currently listed on the QPL contain one or more corrosion inhibitors. Without incorporation of corrosion inhibitors in retardants, significant structural damage would occur to vital parts of tanker aircraft and other equipment used in fighting wildfires.

YP Soda is one such corrosion inhibitor. Fire-Trol uses YP Soda as a corrosion inhibitor in all of its fire retardants that meet USFS specifications. On March 28, 2000, the USFS issued an Order to Suspend Work ("Order") to Fire-Trol, halting its purchases of fire retardant from Fire-Trol under existing contracts. The Order was prompted by USFS concerns over the impact of YP Soda on employees, the public, and the environment. On April 29, 2000, the USFS

revoked the order. However, one month later the USFS sent a letter to Fire-Trol informing it of a May 26, 2000 decision by the USFS to refrain from purchasing any fire retardants containing YP Soda beginning with the 2004 through 2006 contract cycle. The letter also announced that the USFS would accept bids only for gum-thickened products in the 2004 contracts. On October 4, 2002, the USFS sent a letter to Fire-Trol informing it that the decisions banning YP Soda and requiring gum thickener would not be implemented until the 2005 contract cycle.

Fire-Trol responded to the letters from the USFS by filing a complaint in the United States District Court for the District of Arizona on October 21, 2003.[1] Fire-Trol claimed that the actions of the USFS banning YP Soda and requiring gum thickener violated the notice-and-comment provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553; CICA, 41 U.S.C. § 253; and regulations implementing CICA found at Federal Acquisition Regulation ("FAR") 9.2, 48 C.F.R. § 9.200 *et. seq.* Fire-Trol also claimed that the actions of the USFS put it at a competitive disadvantage and damaged its business reputation. Finally, Fire-Trol asserted that if the USFS's actions were not enjoined, Fire-Trol would be forced out of business and a monopoly for fire retardant would be created.

The USFS moved to dismiss Fire-Trol's action in the District Court for lack of subject matter jurisdiction, arguing that the United States Court of Federal Claims had exclusive jurisdiction of plaintiff's action. On August 13, 2004, Judge James A. Teilborg entered an order granting the USFS's motion and dismissed plaintiff's complaint for lack of subject matter jurisdiction. Adopting the Government's argument, Judge Teilborg held that plaintiff's claim was a bid or procurement protest alleging a "violation of a statute or regulation in connection with a procurement or a proposed procurement," within the meaning of 28 U.S.C. § 1491(b)(1), and hence was within the exclusive jurisdiction of this Court. *See* Order Re Mot. To Dismiss For Lack of Subject Matter Jurisdiction, *Fire-Trol Holdings, L.L.C.*, No. 03-2039 (D. Ariz. Aug. 13, 2004).

## *DISCUSSION*

### I. Standard of Review

When evaluating a motion to dismiss for lack of subject matter jurisdiction, "'the allegations of the complaint should be construed favorably to the pleader,' 'to the end that the court must accept as true the facts alleged in the complaint.'" *Gajic-Stajic v. United States*, 36 Fed. Cl. 422, 423 (1996) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988)).

However, in deciding a motion to dismiss pursuant to RCFC 12(b)(1), the Court may consider evidentiary matters outside the pleadings. *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985); *Adams v. United States*, 20 Cl. Ct. 132, 133 n.1 (1990). The

[1] Pl.'s Compl. of Oct. 21, 2003, *Fire-Trol Holdings, L.L.C. v. U. S. Dep't of Agric. Forest Serv.*, No. 03-2039 (D. Ariz.).

burden is on plaintiff to establish jurisdiction. *Reynolds*, 846 F.2d at 748.

## II. Issue

In conducting its procurements of wildland fire retardant, the USFS uses a qualification requirement, *i.e.*, a "requirement for testing or other quality assurance demonstration that must be completed by an offeror before award of a contract." 41 U.S.C. § 253c(a). After a retardant has been examined, tested in accordance with established protocols in the qualification specification, and found to comply with the Government's standard specification requirements, it may be listed on the wildland fire retardant QPL. Compl. ¶ 6. The establishment and amendment of agency procurement qualification requirements is governed by FAR 9.2.

Fire-Trol claims that when the USFS determined that it would amend its 2005 procurement qualification requirements to bar fire retardants containing YP Soda or lacking gum thickener, it established a rule without going through the notice-and-comment procedures required by the APA, 5 U.S.C. § 553. Fire-Trol also claims that the USFS violated CICA, 41 U.S.C. § 253, which requires the USFS to obtain full and open competition in conducting its procurements. Finally, Fire-Trol claims the USFS violated FAR 9.2 in establishing its qualification requirements.

The Government contends that Fire-Trol has failed to establish that this Court has jurisdiction over Fire-Trol's claims under 28 U.S.C. § 1491(b)(1), which provides that the Court of Federal Claims "shall have jurisdiction to render judgment on an action by an interested party objecting to . . . any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." The Government argues that Fire-Trol is not an "interested party" within the meaning of § 1491(b)(1), relying upon *AFGE, Local 1482 v. United States*, 258 F.3d 1294, 1300-02 (Fed. Cir. 2001); and *Dismas Charities, Inc. v. United States*, 61 Fed. Cl. 191, 199 (2004). The Government also argues that since the USFS has not yet issued a solicitation, there has not yet been a procurement, and, therefore, the statutory and regulatory violations that Fire-Trol alleges are not "in connection with a procurement or proposed procurement." 28 U.S.C. § 1491(b)(1). Finally, the Government argues that this Court lacks jurisdiction over plaintiff's claim relating to defendant's alleged failure to comply with the APA because the Court lacks jurisdiction to entertain suits challenging the validity of agency rules under the APA. *Id.*

Because we conclude that Fire-Trol has not shown itself to be an "interested party" within the meaning of 28 U.S.C. § 1491(b)(1), we do not reach the question whether the statutory and regulatory violations Fire-Trol alleges are "in connection with a procurement or a proposed procurement," *id.*, even though the USFS has not yet issued a solicitation. Nor do we reach the question whether plaintiff's claim based on alleged violation of the APA would be within the Court's jurisdiction if the Court were to hold that the alleged APA violation was "in connection with a procurement or proposed procurement." *Id.*

**III. Fire-Trol Is Not an Interested Party Within the Meaning of 28 U.S.C. § 1491(b)(1) Because It Is Neither an Actual nor a Prospective Bidder or Offeror**

The United States Court of Federal Claims is a court of limited jurisdiction. *Phaidin v. United States*, 28 Fed. Cl. 231, 233 (1993); *Dynalectron Corp. v. United States*, 4 Cl. Ct. 424, 428, *aff'd*, 758 F.2d 665 (Fed. Cir. 1984) (table). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. *See United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Congressional consent to suit in the Court of Federal Claims, which thereby waives sovereign immunity, must be explicit and strictly construed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Fid. Const. Co. v. United States*, 700 F.2d 1379, 1383 (Fed. Cir. 1983). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *Testan*, 424 U.S. at 399; *United States v. King*, 395 U.S. 1, 4 (1969). Consent to suit in this Court is granted by 28 U.S.C. § 1491(b)(1). A plaintiff must establish, in the language of § 1491(b)(1), that it is "an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement."

Traditionally, such so-called bid protest cases were brought in the Court of Federal Claims under a theory that the Government formed implied contracts with prospective bidders to consider their bids fairly. *Hero, Inc. v. United States*, 3 Cl. Ct. 413, 416 (1983). Federal district courts also exercised concurrent jurisdiction over bid protests under the APA. *Scanwell Labs., Inc. v. Shaffer*, 424 F.2d 859, 876 (D.C. Cir. 1970).

To prevent forum shopping and to promote uniformity in the law governing bid protests, Congress passed the Administrative Dispute Resolution Act of 1996 ("ADRA"), Pub. L. No. 104-320, 110 Stat. 3870. The ADRA added the language quoted above in § 1491(b)(1) and included a sunset provision terminating district court jurisdiction to entertain bid protests on January 1, 2001. *Id.* § 12. Since January 1, 2001, the Court of Federal Claims has possessed exclusive jurisdiction to entertain bid protest cases.

Section 1491(b)(1) of title 28 does not define "interested party." However, the Court of Appeals for the Federal Circuit has "construe[d] the term 'interested party' in § 1491(b)(1) in accordance with the CICA, and [held] that standing under § 1491(b)(1) is limited to actual or prospective bidders or offerors whose direct economic interest would be affected by the award of the contract or by failure to award the contract." *AFGE*, 258 F.3d at 1302 (citing the CICA definition of "interested party" set forth at 31 U.S.C. § 3551(2)).

Fire-Trol alleges that it is a prospective bidder or offeror with regard to the USFS's 2005 procurement. According to Fire-Trol, it is one of only two manufacturers of fire retardant currently listed on the USFS's fire retardant QPL as compliant with the current specification.

Fire-Trol is an incumbent contractor for numerous airtanker bases, and has contracts that will or may be reprocured in the 2005 procurement cycle. Pl. Opp. at 13.

Despite Fire-Trol's intention to bid when solicitations are issued in connection with the 2005 procurement, its intention alone does not establish that Fire-Trol is an actual or prospective bidder or offeror. There must be "*outstanding* a specific viable solicitation" before Fire-Trol can establish that it is a bidder or offeror. *Omega World Travel, Inc. v. United States*, 9 Cl. Ct. 623, 628 (1986) (emphasis in original). In interpreting the term "interested party" under § 1491(b)(1), the Federal Circuit has explained:

> Section 3551 [CICA], by its own terms, applies only to contract disputes decided by the Comptroller General of the GAO pursuant to 31 U.S.C. 3551-56. However, the fact that Congress used the same term in § 1491(b) as it did in the CICA suggests that Congress intended the same standing requirements that apply to protests brought under the CICA to apply to actions brought under § 1491(b)(1).

*Alaska Cent. Express v. United States*, 50 Fed. Cl. 510, 515 (2001) (quoting *AFGE*, 258 F.3d at 1302)).

The definition of "interested party" in the CICA is as follows:

> The term "interested party," *with respect to a contract or a solicitation or other request for offers* described in paragraph (1) [defining the term "protest"], means an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract.

31 U.S.C. § 3551(2) (emphasis added). "By adopting the definition [of interested party] in the CICA, the Federal Circuit implicated an established understanding of the words 'bidder' and 'offeror' that cannot be divorced from the context of the CICA's requirement of solicitations and competitive proposals." *Alaska Cent. Express*, 50 Fed. Cl. at 515 (citing *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1334 (Fed. Cir. 2001); *Fed. Data Corp. v. United States*, 911 F.2d 699 (Fed. Cir. 1990); *United States v. IBM*, 892 F.2d 1006, 1010-12 (Fed. Cir. 1989); *MCI Telecomm. Corp. v. United States*, 878 F.2d 362 (Fed. Cir. 1989)). "*AFGE*'s conclusion that 'Congress intended standing under [section 1491(b)(1)] to be limited to disappointed bidders' only reinforces this understanding." *Id.* (quoting *AFGE*, 259 F.3d at 1302).

Though Fire-Trol has expressed its intention to bid in response to solicitations to be issued during the USFS's 2005 procurement for wildland fire retardant, it concedes that no such solicitation has yet been issued. Given that fact, Fire-Trol is not now "an actual or prospective bidder or offeror" within the meaning of 31 U.S.C. § 3551(2). Therefore, Fire-Trol is not now an "interested party" within the meaning of 28 U.S.C. § 1491(b)(1).

## IV. Transfer to District Court for the District of Arizona

Plaintiff requested that this Court transfer the case to the District Court for the District of Arizona pursuant to 28 U.S.C. § 1631 (2000) if it determined that it lacked subject matter jurisdiction over Fire-Trol's claims. As discussed above, we hold that the Court of Federal Claims lacks subject matter jurisdiction over plaintiff's claims because plaintiff is not an "interested party" within the meaning of 28 U.S.C. § 1491(b)(1). That determination in no way suggests that the District Court for the District of Arizona would have subject matter jurisdiction over the case. The Court, therefore, declines to transfer this action to the Arizona District Court.

## *CONCLUSION*

For the reasons set forth above, this Court holds that Fire-Trol is not an "interested party" under 28 U.S.C. § 1491(b)(1). Therefore, the Government's Motion to Dismiss for lack of subject matter jurisdiction is GRANTED and Fire-Trol's claim is dismissed without prejudice pursuant to RCFC 12(b)(1). In view of the Court's ruling on the Government's 12(b)(1) motion, the plaintiff's motion for preliminary injunction and the Government's motion to dismiss pursuant to RCFC 12(b)(6) are DENIED as moot.

The Clerk is directed to enter judgment dismissing plaintiff's complaint without prejudice pursuant to RCFC 12(b)(1).

The Clerk is directed to strike the Opinion and Order dated October 8, 2004 from the docket.

IT IS SO ORDERED.

/s/ George W. Miller
GEORGE W. MILLER
Judge